UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EDGAR TELESFORD,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; MALIK SMALL, PRINCIPAL OF EAST NEW YORK MIDDLE SCHOOL OF EXCELLENCE; AND JOYCE STALLINGS-HARTE, SUPERINTENDENT of COMMUNITY SCHOOL DISTRICT 19,

                Defendants.

**AMENDED COMPLAINT**

16 CV 819 (CBA) (SMG)

**JURY TRIAL DEMANDED**

---

Plaintiff EDGAR TELESFORD, by and through his attorneys, GLASS KRAKOWER LLP, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Amended Complaint against Defendant NEW YORK CITY DEPARTMENT OF EDUCATION (hereinafter collectively referred to as "the Defendants"), MALIK SMALL, principal of the Middle School of Excellence, and JOYCE STALLINGS-HARTE, superintendent of Community School District 19, and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff was a science teacher at the East New York Middle School of Excellence in Brooklyn, last employed in November 2014 by Defendant New York City Department of Education, working under Defendant Principal Small in Community School District 19, under Defendant Superintendent Joyce Stallings-Harte.

2. Plaintiff brings this action seeking recovery against Defendants for Defendants' violations of 42 U.S.C. § 1983; the American with Disabilities Act, 42 U.S.C. §§ 12011 *et seq.* ("ADA"); the New York State Human Rights Law, N.Y. Exec. Law §§290 *et seq.* ("NYSHRL"); the New York City Human Rights Law, N.Y. Admin Code §§8 *et seq.* ("NYCHRL").

3. Plaintiff seeks compensatory and punitive damages to redress the disability discrimination and retaliation to which Defendants subjected him, seeks tenure by estoppel and reinstatement and backpay for the property right which he has been deprived without due process of law; and seeks damages for economic loss; lost wages; pain and suffering; physical distress; emotional distress and mental anguish; injury to name, career and reputation; costs; and reasonable attorney's fees.

## VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 1983, the ADA, 42 U.S.C. § 12011, and 28 U.S.C. Sections 1331 and 1337.

5. This Court has supplemental jurisdiction over the New York State and New York City law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

8. All conditions precedent to jurisdiction under the ADA have occurred or been complied with. Plaintiff filed a timely charge of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") in February 2015. Plaintiff received a Notice of Right to Sue letter from the EEOC, dated November 19, 2015. A copy of the Notice of Right to Sue is annexed hereto at Exhibit A.

## THE PARTIES

9. Plaintiff is a resident of the City and State of New York.

10. At all times relevant to this Amended Complaint, Plaintiff was an "employee" within the meaning of the ADA, 42 U.S.C. §§ 12011 *et seq.*, the NYSHRL §§290 *et seq.*, and the NYCHRL §§8 *et seq.*, and, at all times relevant to this Amended Complaint, employed by Defendant New York City Department of Education.

11. Defendant New York City Department of Education (NYCDOE and formerly known as the New York City Board of Education) is a public employer organized by the State of New York.

12. At all times relevant to the Amended Complaint, Defendant Malik Small was the principal of the East New York Middle School of Excellence in Brooklyn, and is sued in his official and individual capacity for purposes of the claim under 42 U.S.C. Section 1983.

13. At all times relevant to the Amended Complaint, Defendant Joyce Stallings-Harte was the Superintendent of Community School District 19 in Brooklyn, and is sued in her official and individual capacity for purposes of the claim under 42 U.S.C. Section 1983.

14. At all times relevant to this Amended Complaint, Defendant NYCDOE was Plaintiff's employer within the meaning of the ADA 42 U.S.C. §§ 12011 *et seq.*, the NYSHRL §§ 290 *et seq.*, and the NYCHRL §§ 8 *et seq.*

## STATEMENT OF FACTS

15. Plaintiff commenced working with Defendant NYCDOE as a probationary science teacher at the East New York Middle School of Excellence (hereinafter referred to as "the School") within Community School District 19 in Brooklyn, New York in September 2012.

16. Plaintiff received a Satisfactory Annual Professional Performance Review ("APPR") for the 2012-13 school year.

17. In June 2013, Plaintiff's probationary period was extended from the end of the 2012-13 school year until November 22, 2014.

18. On June 6, 2014, Plaintiff suffered a severe broken leg to his tibia and fibula on a field trip while working during normal work hours at the school, and therefore suffered this injury in the line of duty.

19. Plaintiff's principal, Malik Small, was present when Plaintiff suffered this injury.

20. Plaintiff was not able to immediately return to work for several months because he was bed-ridden for six weeks and then required a wheelchair for mobility for two months after this severe leg injury.

21. Plaintiff wore a cast on his leg from the tip of his toes to his hip. When the cast was removed in early September 2014, Plaintiff began extensive physical therapy and continued to suffer arthritis and walk with a cane as a result of the injury.

22. As a result of his injury, Plaintiff's major life activities, including walking, running, ascending and descending stairs, and bending were substantially limited.

23. Based on the severity of Plaintiff's injuries, Plaintiff was approved for Line of Duty Injury ("LODI") leave for his injuries from June 9, 2014 until January 8, 2015.

24. It was not until December 2, 2014, after the end of Plaintiff's probationary period had passed on November 22, 2014, that Superintendent Joyce Stallings-Harte sent a letter discontinuing Plaintiff's probationary employment.

25. Defendants provided no justification for Plaintiff's termination while he was out of work on line of injury leave, as he had been performing satisfactorily at the school before he suffered the injury, and was not told he was in danger of being discontinued before he suffered the injury.

26. As a result of having his employment terminated, Plaintiff's salary and health insurance benefits ceased effective December 2, 2014, and he continues to be out of work.

27. Subsequent to his December 2, 2014 termination, Plaintiff filed for a review hearing of his denial of tenure and discontinuance of employment with the NYCDOE Office of Appeals and Reviews.

28. A hearing was held in March 2015 before a panel selected by the NYCDOE Office of Appeals and Review.

29. Prior to this hearing being held, Plaintiff had filed a complaint of discrimination based on, *inter alia*, disability, with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 20, 2015.

30. On June 11, 2015, Superintendent Joyce Stallings-Harte issued a letter to Plaintiff rescinding her original December 2, 2014 determination denying Plaintiff's denial of tenure and discontinuance, thereby effectively reinstating him to his employment.

31. On June 13, 2015, Plaintiff sent an email to Superintendent Stallings-Harte stating his intentions to return to work provided that he receive reasonable accommodations for his disabilities due to his leg injury.

32. Specifically, Plaintiff requested access to an elevator; flexible time to sit or rest after standing for more than an hour; additional time to move between classrooms; and extra time and assistance to set up and break down science labs.

33. On or about June 17, 2015, almost immediately after Defendants received Plaintiff's June 13, 2015 email request for a reasonable disability accommodation and intent to return to work, Superintendent Stallings-Harte issued Plaintiff a subsequent letter advising him to disregard her June 11, 2015 letter, and reaffirming her initial decision to deny Plaintiff tenure and terminate his employment.

## FIRST CAUSE OF ACTION
**(Denial of Tenure for Violation of 42 U.S.C. 1983)**

34. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

35. Defendants failed to discontinue and/or terminate Plaintiff's employment until after his probationary period had been completed on November 22, 2014.

36. As such, Plaintiff received tenure by estoppel.

37. While acting under color of State Law, Defendant Stallings-Harte, in conjunction with Defendant Principal Small, deprived Plaintiff of a property right to his tenured teaching position without due process of law by not granting him a New York State

Education Law 3020-a hearing before removing him from payroll and his employment.

38.     As a proximate result of Defendants' actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past backpay and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, physical consequences of the severe emotional distress, and damage to his professional reputation, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Violations of the Federal Americans with Disabilities Act (ADA))

39.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

40.     Plaintiff brings this Cause of Action pursuant to the ADA, 42 U.S.C. §§ 12011 *et seq.*

41.     Defendants have discriminated and retaliated against Plaintiff on the basis of his disability due to a severe leg injury in violation of the ADA.

42.     Plaintiff suffered a severe leg injury in June 2014 which has limited his major life activities.

43.     Following Plaintiff's injury and while he was still out on line of duty injury leave, Defendants discontinued his employment in December 2014.  After Plaintiff requested reasonable accommodations following his pending reinstatement offered by the Superintendent, the Superintendent then retaliated against him by subsequently rescinding her decision to allow him to return to work due to his request for disability accommodations, and instead reaffirmed the termination of Plaintiff's employment.

## THIRD CAUSE OF ACTION
### (Violations of Disability under the NYSHRL)

44. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

45. Plaintiff brings this Cause of Action pursuant to N.Y. Exec. Law §§290 *et seq.*

46. Defendants have discriminated and retaliated against Plaintiff on the basis of his disability in violation of the NYSHRL, as set forth in the facts in the Second Cause of Action.

## FOURTH CAUSE OF ACTION
### (Violations of Disability under the NYCHRL)

47. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

48. Plaintiff brings this Cause of Action pursuant to N.Y. Admin Code §8 *et seq.*

49. Defendants have discriminated and retaliated against Plaintiff on the basis of his disability in violation of the NYCHRL, as set forth in the facts of the Second Cause of Action.

## JURY DEMAND

50. Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief on all Claims for Relief:

a. A declaratory judgment that Defendants' acts violated Plaintiff's rights as secured by 42 U.S.C. 1983;

b. A declaratory judgment that Defendants' acts violated Plaintiff's rights as secured by the federal ADA law prohibiting disability discrimination and retaliation in employment;

c. A declaratory judgment that Defendants' acts violated Plaintiff's rights as secured by State law prohibiting disability discrimination and retaliation in employment;

d. A declaratory judgment that Defendants' acts violated Plaintiff's rights as secured by City law prohibiting disability discrimination and retaliation in employment;

e. Damages in an amount to be determined at trial;

f. All compensatory and economic damages to compensate Plaintiff for economic loss, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

g. Punitive damages against one or all of the Defendants;

h. All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show himself justly entitled;

i. Pre-judgment and post-judgment interest; and

      j.   Such other and further legal, equitable, or other relief as the Court deems just and proper.

DATED:    New York, New York
                September 19, 2016

                              GLASS KRAKOWER LLP
                              100 Church Street, Suite 800
                              New York, NY 10007
                              (212) 537-6859

                By:       s/_____
                              BRYAN D. GLASS, Esq.

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Edgar D. Telesford
530 Parkside Avenue
Apt# 3B
Brooklyn, NY 11226

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

**EEOC Charge No.:** 520-2015-01375

**EEOC Representative:** Roxanne Zygmund, Investigator

**Telephone No.:** (212) 336-3764

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_
Kevin J. Berry,
District Director

NOV 19 2015
(Date Mailed)

Enclosures(s)

cc: Henry Chou, Esq.
Office of Legal Services
NYC DEPARTMENT OF EDUCATION
52 Chambers Street, Room 308
New York, NY 10007

Antonia Kousoulas, Esq.
Kousoulas & Associates, P.C.
48 Wall Street, 25th Floor
New York, NY 10005