UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

EDGAR TELESFORD,

                                                 Plaintiff,      **ANSWER TO THE AMENDED COMPLAINT**

                 -against-                               16 CV 819 (CBA)(SMG)

NEW YORK CITY DEPARTMENT OF EDUCATION;
MALIK SMALL, PRINCIPAL OF EAST NEW YORK
MIDDLE SCHOOL OF EXCELLENCE; AND JOYCE
STALLINGS-HARTE, SUPERINTENDENT of
COMMUNITY SCHOOL DISTRICT 19,

                                               Defendants.
---------------------------------------------------------------------------x

        Defendant Board of Education of the City School District of the City of New York ("BOE")(also known as and sued herein as the "New York City Department of Education")[1], by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint ("complaint"), respectfully alleges as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that Plaintiff was employed as a probationary teacher at the East New York Middle School of Excellence in Brooklyn, prior to his probationary discontinuance, that Defendant Small is the principal of the East New York Middle School of Excellence and that Stallings-Harte is the superintendent of Community School District 19.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that Plaintiff purports to proceed as set forth therein.

---

[1] Upon information and belief Defendants Malik Small and Joyce Stallings-Harte have not been served with the summons and complaint filed in this action.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that Plaintiff purports to proceed and seek the relief as set forth therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that Plaintiff purports to state the basis for federal subject matter jurisdiction in this Court as set forth therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that Plaintiff purports to state the basis for supplemental jurisdiction in this Court as set forth therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that Plaintiff purports to state the basis for venue in this Court proceeding as set forth therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that Plaintiff purports to state the basis for declaratory relief in this Court as set forth therein.

8. Denies the allegations set forth in paragraph "8" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's receipt of a notice of right to sue letter, admits that, on or about February 20, 2015, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and respectfully refers the Court to Plaintiff's Exhibit "A" annexed to the complaint for a complete and accurate statement of its contents.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Paragraph "10" of the complaint asserts legal conclusions for which no response is required. To the extent a response is required, denies the allegations set forth in paragraph "10" of the complaint and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

11. Denies the allegations set forth in paragraph "11" of the complaint, and respectfully refers the Court to NY Education Law § 2590-g for a statement of the BOE's powers and duties.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that Malik Small is the principal of the East New York Middle School of Excellence in Brooklyn, and admits that Plaintiff purports to proceed as set forth therein.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Joyce Stallings-Harte is the Superintendent of Community School District 19, and admits that Plaintiff purports to proceed as set forth therein.

14. Paragraph "14" of the complaint asserts legal conclusions for which no response is required. To the extent a response is required, denies the allegations set forth in paragraph "14" of the complaint, and respectfully refers the court to the statutes cited therein for a complete and accurate statement of their content.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that Plaintiff was appointed as a probationary teacher with Defendant BOE on September 4, 2012.

16. Denies the allegations set forth in paragraph "16" of the complaint except admits that the overall rating on the Annual Professional Performance Review plaintiff received for the 2012-2013 school year was "Satisfactory."

- 4 -

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that, in June 2013, Plaintiff agreed to an extension of his probationary period until November 22, 2014.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits that Plaintiff applied for line of duty injury ("LODI") leave, which was granted form the period of June 9, 2014 through January 8, 2015.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that Plaintiff was granted LODI leave from June 9, 2014 through January 8, 2015.

24. Denies the allegations set forth in paragraph "24" of the complaint, and affirmatively states that by letter dated September 22, 2014, annexed hereto as Exhibit "1," Superintendent Joyce Stallings-Harte informed Plaintiff of his probationary discontinuance stating, "Please be advised that your service under this appointment shall terminate as of the close of business **60 days from the date of this letter of the probation completion date listed above** [Nov 21, 2014]**, whichever occurs first."**, and affirmatively states that by letter dated October 1, 2014, annexed hereto as Exhibit "2," Principal Small informed Plaintiff of his probationary discontinuance stating, "Please be advised that your service under this appointment

shall terminate as of the close of business **60 days from the date of this letter of the probation completion date listed above** [Nov 21, 2014]**, whichever occurs first."**

25. Deny the allegations set forth in paragraph "25" of the complaint, and affirmatively states that prior to Plaintiff's injury, Plaintiff was informally observed four times during the 2013-2014 school year, in which he was rated in a total of 68 sub-components[2] receiving 13 Ineffective ratings, 43 Developing ratings, and 12 Effective ratings, while also receiving an overall "Developing" rating for the 2013-2014 school year, and respectfully refer the Court to Plaintiff's evaluator forms for teacher observations on February 4, 2014, April 10, 2014, May 5, 2014, May 16, 2014, May 23, 2014 and May 27, 2014, end of year artifact evaluator form and year end cumulative rating form, collectively annexed hereto as Exhibit "3."

26. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff remains out of work and admits that Plaintiff probationary employment was discontinued effective December 3, 2014.

27. Denies the allegations set forth in paragraph "27" of the complaint, except admits that Plaintiff requested an appeal of his discontinuance and denial of tenure.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that the BOE's Chancellor's Committee reviewed Plaintiff's discontinuance and denial of tenure on March 3, 2015.

---

[2] In September 2013, the New York City BOE began using *Advance* as the new system for teacher evaluation and development for the 2013-2014 school year. *Advance* provides teachers with frequent classroom observations with the aim of providing feedback and targeted support to enable teachers to continuously strengthen their instruction. Teachers are evaluated in accordance with the Danielson Framework, which measures 22 teaching components, each on a four point scale as follows: **H**ighly Effective-4; **E**ffective-3; **D**eveloping-2; and **I**neffective-1.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that on or about February 20, 2015 Plaintiff filed a charge of discrimination with the EEOC.

30. Denies the allegations set forth in paragraph "30" of the complaint, and affirmatively states that Superintendent Stallings-Harte, by administrative error, issued a letter dated June 11, 2015, reversing the previous actions which resulted in Denial of Certification of Completion of Probation, and respectfully refers the Court to the June 11, 2015 letter, annexed hereto as Exhibit "4," and to the June 16, 2015 letter, annexed hereto as Exhibit "5," for a complete and accurate statement of their contents.

31. Denies the allegations set forth in paragraph "31" of the complaint, except admits that notwithstanding his having been notified that his probationary employment had been discontinued effective December 3, 2014, Plaintiff, by letter dated June 9, 2015, advised the BOE that he intended to return to active service as a Middle School Science teacher at East New York Middle School of Excellence, and respectfully refers the Court to the June 9, 2015 letter, annexed hereto as Exhibit "6," for a complete and accurate statement of its content.

32. Denies the allegations set forth in paragraph "32" of the complaint, and respectfully refers the Court to Exhibit "5" for a complete and accurate statement of its contents.

33. Denies the allegations set forth in paragraph "33" of the complaint, except admits Plaintiff was notified by Superintendent Joyce Stallings Harte, by letter dated June 16, 2015, to disregard her prior letter dated June 11,2015 as it was sent in error and that she reaffirmed the December 2, 2014 decisions to deny him tenure and to discontinue his probationary employment, and respectfully refers the Court to the June 16, 2015 letter, annexed hereto as Exhibit "5," for a complete and accurate statement of its content.

34. Defendant repeats and realleges its responses to paragraphs 1-33 of the complaint as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Defendant repeats and realleges its responses to paragraphs 1-38 of the complaint as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint, except admits that Plaintiff purports to proceed as set forth therein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Defendant repeats and realleges its responses to paragraphs 1-43 of the complaint as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint, except admits that Plaintiff purports to proceed as set forth therein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Defendant repeats and realleges its responses to paragraphs 1-46 of the complaint as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint, except admits that Plaintiff purports to proceed as set forth therein.

49. Denies the allegations set forth in paragraph "49" of the complaint.

- 8 -

50. Paragraph "50" of the complaint asserts a demand for a jury trial for which no response is required.

## FOR A FIRST DEFENSE:

51. The complaint fails to state a claim upon which relief can be granted in whole or in part.

## FOR A SECOND DEFENSE:

52. The complaint is barred by the applicable statute of limitations, in part.

## FOR A THIRD DEFENSE:

53. Defendant had legitimate nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

## FOR A FOURTH DEFENSE:

54. Plaintiff has failed to comply with applicable notice of claim requirements concerning his state and city law claims against defendant.

## FOR A FIFTH DEFENSE:

55. To the extent that any ADA claims contained in the federal complaint were not also contained in the plaintiff's charge of discrimination filed with the EEOC, those claims must be dismissed for failure to exhaust administrative remedies with EEOC.

## FOR A SIXTH DEFENSE:

56. Upon information and belief, the damage claims set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## FOR A SEVENTH DEFENSE:

57. The individually named defendants are not subject to suit under the ADA.

- 9 -

## **FOR AN EIGTH DEFENSE:**

58. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**WHEREFORE**, Defendant respectfully requests that the complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with such other and further relief as the Court deems appropriate.

Dated: New York, New York
October 18, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendant BOE
100 Church Street, Room 2-107
New York, New York 10007
(212) 356-2450
ssilverm@law.nyc.gov

By:     /s/
Scott C. Silverman
Assistant Corporation Counsel

TO: Bryan D. Glass (via ECF)
Glass Krakower LLP
Attorneys for Plaintiff
100 Church Street, Suite 800
New York, NY 10007
Tel: (212)-537-6859
bg@glasskrakower.com

Case No. 16-CV-819(CBA)(SMG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| EDGAR TELESFORD,<br><br>                  Plaintiff,<br><br>         -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; MALIK SMALL, PRINCIPAL OF EAST NEW YORK MIDDLE SCHOOL OF EXCELLENCE; AND JOYCE STALLINGS-HARTE, SUPERINTENDENT of COMMUNITY SCHOOL DISTRICT 19,<br><br>                  Defendants. |
| **ANSWER TO THE AMENDED COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant BOE*<br>*100 Church Street, Room 2-107*<br>*New York, New York  10007*<br><br>*Of Counsel:  Scott C. Silverman*<br>*Telephone:  (212) 356-2450*<br>*Matter No.:  2016-008526* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y........................................................ , 2016*<br><br>*................................................................................ Esq.*<br><br>*Attorney for......................................................................* |