# STEWART LEE KARLIN LAW GROUP, P.C.
## Daniel E. Dugan, Esq.
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670/Office
(212) 732-4443/Fax
dan@stewartkarlin.com

**MEMBER OF THE BAR**  Concentrating in Employment, Education, Insurance
**NEW YORK & NEW JERSEY**  and Commercial Law

September 18, 2017

**Via ECF**
Honorable Carol B. Amon
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>           Re:    **Telesford v. New York City Department of Education, et al.**
>                  **16 CV 819 (CBA)(SMG)**

Dear Judge Amon:

Plaintiff Edgar Telesford through his counsel submits his response to Defendant's pre-motion letter, and respectfully requests that the Court deny Defendant New York City Department of Education's ("DOE") request for a pre-motion conference in regard to an anticipated motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c). A motion to dismiss would fail to dismiss all of the asserted claims, in particular, Plaintiff's claims pursuant to The Americans with Disabilities Act ("ADA") and 42 U.S.C. 1983, and thus discovery should proceed.

Plaintiff, a former teacher with the New York City Department of Education, has commenced this action pursuant to the ADA, 42 U.S.C. Sec. 1983, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL"), based on discrimination and retaliation due to Plaintiff's disability (a broken leg suffered in the line of duty). Plaintiff has further asserted that he has received tenure by estoppel.

**Factual and Legal Basis for Denial of Pre-Motion Conference**

    A.    **Plaintiff Exhausted His Administrative Remedies[1]**

Plaintiff satisfied the requirement of filing an administrative charge and receiving a right to sue letter prior to commencing the instant action under the ADA. This Court has jurisdiction to hear claims reasonably related to plaintiff's EEOC charge filed in 2015. See <u>Butts v. City of New York Department of Housing Preservation and Development</u>, 990 F.2d 1397 (2nd Cir. 1993). The Second Circuit held that subsequent conduct is reasonably related to conduct in an EEOC charge if the claim is reasonably expected to be within the scope of an EEOC investigation, it alleges retaliation for filing the EEOC charge, failure to promote or that the incidents of discrimination are carried in the same manner alleged in the EEOC charge. <u>Alfano v. Costello</u> 294 F.3d 365 (2nd Cir. 2002).

Plaintiff, filed his EEOC charge *pro se*, in February of 2015, clearly asserting that he was discriminated against based on the basis of race, age and disability and also subject to retaliation. Plaintiff provided to the EEOC his statement that he was illegally terminated while on sick leave, as well as supporting documents including his LODI forms, medical forms, LODI approvals, OEO complaint letter and documents related to his paycheck deductions while on LODI.

As set forth in the Amended Complaint, Plaintiff was terminated on December 2, 2014, and timely filed his EEOC charge alleging disability discrimination in February 2015. Thereafter a hearing was held in March 2015 with the Office of Appeals and Review of the DOE. Following the hearing, on June 11, 2015 Superintendent Stallings-Harte issued a letter rescinding Plaintiff's termination. Plaintiff e-mailed Superintendent Stallings-Harte on June 13, 2015 stating his intention to return to work and requesting a reasonable accommodation. Plaintiff was then terminated almost immediately following the request on June 17, 2015. (*See* Amd. Cmp. ¶¶ 24-33)

Thus, the reasonable accommodation request was subsequent and reasonably related to the alleged disability discrimination that Plaintiff, filing *pro se*, had asserted in the February 2015 EEOC Charge. Plaintiff has thus satisfied the requirement to exhaust his administrative remedies.

    B.    **Plaintiff Has Adequately Set Forth a Claim for Tenure by Estoppel**

Under the appropriate standard on a motion to dismiss Plaintiff has asserted a claim of tenure by estoppel. While acting under the color of State Law, Defendants deprived Plaintiff of a property right to his tenured teaching position without due process of law by not granting him a New York State Education Law 3020-a hearing prior to removing him from payroll and his employment. Defendant's own documentary evidence (attached to Defendant's Answer) shows that a determination as to Plaintiff's employment was not made until after the expiration of Plaintiff's probationary period.

---

[1]Plaintiff acknowledges that a Notice of Claim was not filed, however this is a requirement only as to Plaintiff's SHRL and CHRL against the DOE.

The September 22, 2014 letter relied upon by Defendant states that Plaintiff's probationary period ends on November 21, 2014. However, Superintendent Stallings-Harte's letter dated June 11, 2015 (also attached to Defendant's Answer) states that Plaintiff's Denial of Certification of Completion of Probation was effective close of business December 3, 2014. Thus, Defendant's did not terminate Plaintiff's employment until after his probationary period had expired, thus he is entitled to tenure by estoppel.

Further, Plaintiff has alleged that following the rescission of the termination by the June 11, 2015 letter, Defendant's again terminated Plaintiff following the expiration of his probationary period, without a 3020-a hearing, by discontinuing him by letter dated June 16, 2015.

Thus, Defendant's own documentary evidence shows that Plaintiff has adequately set forth a claim for tenure by estoppel.

### C. Plaintiff is Entitled to Punitive Damages

Plaintiff is entitled to maintain a demand for punitive damages. The ADA allows compensatory and punitive damages, except in reasonable accommodations cases were the employer has made a good faith effort to reasonably accommodate the disabled employee. 42 U.S.C Sec. 12117(a); 42 U.S.C. Sec. 1981a(a)(3). Under the appropriate standard on a motion to dismiss, this exception does not apply and thus the demand may remain. Further, to the extent that Courts have found punitive damages unavailable under the ADA, this applies just to Plaintiff's retaliation claim under the ADA. Infantolino v. Joint Industry Bd. of Elec. Industry, 582 F. Supp.2d 351, 361 (E.D.N.Y. 2008)


Very truly yours,

s/ Daniel E. Dugan
Daniel E. Dugan, Esq.
Stewart Lee Karlin Law Group, P.C.

CC:  Natalie Marcus, Assistant Corp. Counsel
     (Attorney for Defendants) *via ECF*