

**ZACHERY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NATALIE S. MARCUS**
Tel.: (212) 356-2629
Fax: (212) 356-2439
nmarcus@law.nyc.gov

September 20, 2017

**By ECF**
Honorable Steven M. Gold
United States Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: Telesford v. New York City Department of Education, et al.,
> 16 CV 819 (CBA)(SMG)

Dear Judge Gold:

   I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel for the City of New York, attorney for defendant New York City Department of Education ("DOE") in the above-referenced action. Defendant submits this letter motion respectfully requesting a stay of discovery pending a decision on the motion for judgment on the pleadings.[1]

   Under Rule 26(c), a district court may stay discovery during the pendency of a motion to dismiss for good cause shown. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Factors to be considered when determining whether "good cause is shown" include: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and; (3) the risk of unfair prejudice to the party opposing the stay." *Id.* In this case, all three factors militate in favor of granting a stay of discovery.

---

[1] Defendant, on September 11, 2017, submitted a letter seeking leave to file a motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 39. The Court scheduled a pre-motion conference for November 6, 2017.

HONORABLE STEVEN M. GOLD
United States Magistrate Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
September 20, 2017
Page 2

## A.  Facts

Plaintiff, a former probationary teacher with the DOE, brings this action pursuant to The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL").  Plaintiff alleges that defendant subjected him to discrimination and retaliation based upon his disability (a broken leg), that plaintiff received tenure by estoppel and was denied due process.  Specifically, plaintiff alleges that in September 2012, plaintiff began working as a DOE probationary science teacher at the East New York Middle School of Excellence in Brooklyn, New York (the "School").  Amd. Compl. ¶ 15.  In June 2013, plaintiff's probationary period was extended from the end of 2012-2013 school year until November 22, 2014. Amd. Compl. ¶ 17.

On June 6, 2014, plaintiff broke his leg while on a field trip while working at the School.  Following the leg injury, plaintiff was unable to return to work for several months. Amd. Compl. ¶ 20.  Plaintiff received an overall "Developing" rating for the 2013-2014 school year. Answer ¶ 25; Ex. 3 to Answer.  By letter dated September 22, 2014, Superintendent Joyce Stallings-Harte informed plaintiff of his probationary discontinuance stating, in part, "This is to inform you that in accordance with Section 2572 Subdivision 1 of the State Education law; I am denying your Certification of Completion of Probation with the New York City Department of Education."  Ex. 1 to Answer.  The letter also stated "Please be advised that your service under this appointment shall terminate as of the close of business **60 days from the date of this letter or the probation completion date listed above** [November 21, 2014], whichever occurs first." Ex. 1 to Answer. (Emphasis in original).

Then, by letter dated October 1, 2014, Principal Small also informed plaintiff of his probationary discontinuance stating, in part, "Please be advised that your service under the appointment shall terminate as of the close of business **60 days from the date of this letter or the probation completion date listed above** [November 21, 2014], whichever occurs first." Ex. 2 to Answer. (Emphasis in original). Nearly five months later, on February 20, 2015, plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Amd. Compl. ¶ 29.

Plaintiff appealed his denial of tenure and discontinuance of employment with the DOE Office of Appeals and Reviews. Amd. Compl. ¶ 27.  In March 2015, a hearing was held before a panel selected by the DOE Office of Appeals and Review. Amd. Compl. ¶ 28.  By letter dated June 11, 2015, Superintendent Stallings-Harte, due to administrative error, issued a letter reversing the previous actions which resulted in Denial of Certification of Completion of Probation.  Ex. 4 to Answer; Amd. Compl. ¶ 30; Answer ¶ 30.

Plaintiff alleges that on June 13, 2015 he sent an email to Superintendent Stallings-Harte stating his intentions to return to work provided that he receives a reasonable

**HONORABLE STEVEN M. GOLD**
United States Magistrate Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
September 20, 2017
Page 3

accommodation due to his leg injury. Amd. Compl. ¶ 31. Plaintiff was notified by Superintendent Stallings-Harte, by letter dated June 16, 2015, to disregard her prior letter dated June 11, 2015 as it was sent in error and that she reaffirmed the decision to deny plaintiff tenure and to discontinue his probationary employment. Amd. Compl. ¶ 33; Answer ¶ 33; Ex. 5 to Answer.

## B. Plaintiff's Claims are Unmeritorious

Plaintiff is unlikely to succeed on his ADA claim because plaintiffs asserting claims under the ADA must file an administrative charge of discrimination with the EEOC or a state agency. *See Hoffman v. Williamsville Sch. Dist.*, 443 Fed. Appx. 647, 649 (2d Cir. Oct. 31, 2011). Here, plaintiff's EEOC Charge of Discrimination does not allege that plaintiff requested a reasonable accommodation from the DOE much less that he was discriminated or retaliated against for making such a request. Therefore, the claim under the ADA should be dismissed. *See Kelly v. N. Shore-Long Island Jewish Health Sys.*, 166 F. Supp. 3d 274, 288-290 (E.D.N.Y. 2016) (dismissing ADA retaliation claim for failure to allege facts related to retaliation claim in the EEOC Complaint); *Brutus v. Silverseal Corp.*, No. 06 Civ. 15298 (LAP), 2009 U.S. Dist. LEXIS 112654, *12-13 (S.D.N.Y. Nov. 24, 2009) (dismissing hostile work environment claim for failure to exhaust at the administrative level); *Wright v. N.Y.C. Off-Track Betting Corp.*, No. 05 Civ. 9790 (WHP), 2008 U.S. Dist. LEXIS 22567, *7 (S.D.N.Y. Mar. 24, 2008) (dismissing race hostile work environment claim where only race based discrete events were alleged).

Next, plaintiff alleges that he obtained tenure by estoppel but tenure by estoppel may only be invoked when a school board accepts the continued services of a teacher, but fails to take the action required to either grant or deny tenure prior to the expiration of the teacher's probationary period. *See Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251 (JFB)(AKT), 2014 U.S. Dist. LEXIS 52852, *18 (E.D.N.Y. Apr. 16, 2014). Plaintiff was specifically informed by letter, dated September 22, 2014, that his probationary discontinuance was going to take place on the last day of his probationary period. Ex. 1 to Answer. Plaintiff alleges that his probationary period ended on November 22, 2014. Amd. Compl. ¶ 24. Therefore, plaintiff was notified prior to the expiration of his probationary period that the DOE was discontinuing his employment. Because plaintiff was not granted tenure by estoppel, plaintiff's argument that he was deprived of due process since he was terminated without a New York State Education Law 3020-a hearing also fails. *See Castro v. New York City Bd of Educ.*, 777 F. Supp. 1113, 1117 (S.D.N.Y. June 14, 1990) ("Because [plaintiff] did not have a protectable property interest in his probationary teaching position, due process did not require a hearing prior to his dismissal.") Therefore, the tenure by estoppel and due process claim under 42 U.S.C. § 1983 should be dismissed.

Plaintiff's SHRL and CHRL claims should be also dismissed because plaintiff did not file a notice of claim with the DOE. In fact, plaintiff admits that he did not file a notice of

**HONORABLE STEVEN M. GOLD**
United States Magistrate Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
September 20, 2017
Page 4

claim. Dkt. No. 40, n.1. The notice of claim provisions of New York Education Law § 3813(1) require that a notice of claim be filed before any suit may be brought against the DOE. Filing a notice of claim is a procedural requirement for all state and city law claims asserted against the DOE including employment discrimination claims brought pursuant to the SHRL and CHRL. *See DeCarolis v. Town of Vienna*, 322 Fed. Appx. 25, 26 (2d Cir. Apr. 8, 2009) (state notice of claim requirements apply to state law claims brought in federal court); *Ullah v. NYC Dep't of Educ.*, No. 11 Civ. 3868 (GBD)(MHD), 2012 U.S. Dist. LEXIS 141825, *4 (S.D.N.Y. Sept. 27, 2012) (claims under the SHRL and CHLR barred because plaintiff failed to file notice of claim); *Gastman v. Dept. of Educ. of City of N.Y.*, 60 A.D.3d 444, 444 (1st Dept. 2009) (affirming dismissal of claims brought pursuant to SHRL and CHRL for plaintiff's failure to file a notice of claim).

Finally, a stay would not prejudice the plaintiff and would prevent the parties from unnecessarily incurring expenses and expending time on discovery.[2] Therefore, in light of the numerous procedural and substantive issues with the Complaint, defendant respectfully requests a stay of discovery.

Thank you for your consideration of this request.

Respectfully submitted,

/s/Natalie Marcus
Natalie Marcus
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

---

[2] Defendant has already served its Rule 26(a)(1) Initial Disclosures along with over 50 pages of documents.