UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGAR TELESFORD,

                                                    Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; MALIK SMALL, PRINCIPAL OF
EAST NEW YORK MIDDLE SCHOOL OF
EXCELLENCE; AND JOYCE STALLINGS-HARTE,
SUPERINTENDENT OF COMMUNITY SCHOOL
DISTRICT 19,

                                                    Defendants.

**DEFENDANT DOE'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS
DISMISSING THE COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant New York City*
*Department of Education*
*100 Church Street, Room 2-197*
*New York, New York  10007-2601*

*Of Counsel:  Natalie S. Marcus*
*Tel:  (212) 356-2629*
*nmarcus@law.nyc.gov*

*Matter No.: 2016-008526*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

POINT I

           THE ADA CLAIMS SHOULD BE DISMISSED FOR
           FAILURE TO EXHAUST ADMINISTRATIVE
           REMEDIES ........................................................................................................ 4

POINT II

           THE COMPLAINT FAILS TO STATE A CLAIM OF
           RELIEF THAT IS PLAUSIBLE ON ITS FACE. ................................................. 7

           A.    Legal Standard ............................................................................. 7

           B.    The Complaint Fails to Allege a Disability for
                    Purposes of the ADA ................................................................... 8

           C.    Plaintiff Failed to Establish a Claim of Tenure by
                    Estoppel ...................................................................................... 13

POINT III

           THE SHRL AND CHRL CLAIMS AGAINST THE DOE
           MUST BE DISMISSED FOR FAILURE TO FILE A
           NOTICE OF CLAIM. ..................................................................................... 17

POINT IV

           PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES
           MUST BE DISMISSED. ................................................................................. 19

CONCLUSION ..................................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*Amorosi v. South Colonie Ind. Cent. School Dist.*,
    9 N.Y.3d 367 (2007) ............................................................................................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................................7

*Bawa v. Brookhaven Nat'l Lab*,
    968 F. Supp. 865 (E.D.N.Y. 1997) ...................................................................................5, 6

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007).............................................................................................7, 11, 12, 13

*Board of Regents v. Roth*,
    408 U.S. 564 (1972)..............................................................................................................13

*Brandon v. O'Mara*,
    No. 10 Civ. 5174 (RJH), 2011 U.S. Dist. LEXIS 112314
    (S.D.N.Y. Sept. 28, 2011).....................................................................................................20

*Brown v. Baldwin Union Free Sch. Dist.*,
    603 F. Supp. 2d 509 (E.D.N.Y. 2009) .................................................................................20

*Brutus v. Silverseal Corp.*,
    No. 06 Civ. 15298 (LAP), 2009 U.S. Dist. LEXIS 112654
    (S.D.N.Y. Nov. 24, 2009) .......................................................................................................6

*Burnette v. Carothers*,
    192 F.3d 52 (2d Cir. 1999).....................................................................................................7

*Butts v. City of New York Dep't of Housing Preservation & Development*,
    990 F.2d 1397 (2d Cir. 1993)..............................................................................................4, 6

*Byrne v. Ceresia*,
    503 F. Appx. 68 (2d Cir. 2012)............................................................................................16

*Castro v. New York City Bd of Educ.*,
    777 F. Supp. 1113 (S.D.N.Y. 1990).....................................................................................14

*Ceslik v. Miller Ford, Inc.*,
    584 F. Supp. 2d 433 (D. Conn. 2008)....................................................................................7

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...................................................................................................2

| Cases | Pages |
|---|---|

*City of Newport v. Fact Concerts, Inc.*
  453 U.S. 247 (1981).........................................................................................20

*Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*,
  No. 09 Civ. 5251 (JFB)(AKT), 2014 U.S. Dist. LEXIS 52852
  (E.D.N.Y. Apr. 16, 2014)..................................................................................14

*Cohn v. KeySpan Corp.*,
  713 F. Supp. 2d 143 (E.D.N.Y. 2010) ...............................................................5

*DeCarolis v. Town of Vienna*,
  322 Fed. Appx. 25 (2d Cir. 2009)......................................................................18

*Dechberry v. New York City Fire Dep't*,
  124 F. Supp. 3d 131 (E.D.N.Y. 2015) ............................................................7, 8

*Elston v. Vergersky and The City of New York*,
  No. 15 Civ. 91 (CBA)(MDG), March 29, 2016, Dkt. No. 21,
  *aff'd,* 697 Fed. Appx. 22 (2d Cir. 2017) .........................................................17

*Emma v. Schenectady City Sch. Dist.*,
  28 F. Supp. 2d 711 (N.D.N.Y 1998) .................................................................14

*Files v. Dep't of Educ. of the City of N.Y.*,
  118 A.D.3d 624 (1st Dep't 2014),
  *lv. denied*, 25 N.Y.3d 905 (2015).....................................................................15

*Files v. Department of Educ. of the City of N.Y.*,
  Index. No. 10039/2011, 2012 NY Slip Op 32541(U),
  2012 N.Y. Misc. LEXIS 4773 (Sup. Ct. N.Y. Co. Oct. 4, 2012)......................14

*Frank v. Sachem Sch. Dist.*,
  84 F. Supp. 3d 172 (E.D.N.Y. Feb. 5, 2015) ....................................................19

*Garey v. Wal-Mart Stores East, LP*,
  No. 15 Civ. 778 (MJG), 2016 U.S. Dist. LEXIS 55170 (D. Md. Apr. 25, 2016)...................11

*Gastman v. Dept. of Educ. of City of N.Y.*,
  60 A.D.3d 444 (1st Dept. 2009).........................................................................18

*Matter of Gould v. Bd. of Educ. of Sewankhaka Cent. High School Dist.*,
  81 N.Y.2d 446 (1993) ........................................................................................15

*Graham v. Three Vill. Cent. Sch. Dist.*,
  No. 11 Civ. 5182 (JFB), 2013 U.S. Dist. LEXIS 143264
  (E.D.N.Y. Sep. 30, 2013)....................................................................................8

**Cases**                                                                                            **Pages**

*Hellenic Am. Neighborhood Action Comm. v. City of New York*,
101 F.3d 877 (2d Cir. 1996) ................................................................... 17

*Hoffman v. Williamsville Sch. Dist.*,
443 Fed. Appx. 647 (2d Cir. 2011) ............................................................ 4

*Infantolino v. Joint Industry Bd. of Elec. Industry*,
582 F. Supp. 2d 351 (E.D.N.Y. 2008) ..................................................... 19

*Kelly v. N. Shore-Long Island Jewish Health Sys.*,
166 F. Supp. 3d 274 (E.D.N.Y. 2016) ................................................. 5, 12

*Kelly v. Rice*,
375 F. Supp. 2d 203 (S.D.N.Y. 2005) ..................................................... 10

*King v. Am. Airlines, Inc.*,
284 F.3d 352 (2d Cir. 2002) ..................................................................... 7

*Kohn v. N.Y. City Police Dep't*,
372 F.3d 83 (2d Cir. 2004) ..................................................................... 20

*Kruger v. Hamilton Manor Nursing Home*,
10 F. Supp. 3d 385 (W.D.N.Y. 2014) .................................................. 9, 12

*L-7 Designs, Inc. v. Old Navy LLC*,
647 F.3d 419 (2d Cir. 2011) ..................................................................... 2

*Lima v. New York City Dep't of Educ.*,
No. 12 Civ. 3318 (RRM)(SMG), 2013 U.S. Dist. LEXIS 92288
(E.D.N.Y. July 1, 2013) ..................................................................... 13-14

*Martinez v. O'Leary*,
No. 11 Civ. 1405 (ENV)(JO), 2013 U.S. Dist. LEXIS 94050
(E.D.N.Y. June 28, 2013),
*appeal dismissed* 569 F. Appx. 59 (2d Cir. 2014),
*cert. denied* 135 S. Ct. 1001 (2015) ....................................................... 16

*Mathirampuzha v. Potter*,
548 F.3d 70 (2d Cir. 2008) ....................................................................... 7

*McDonald v. Bd. of Educ. of City of New York*,
No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325
(S.D.N.Y. July 25, 2001) ......................................................................... 16

*McMillan v. City of New York*,
711 F.3d 120 (2d Cir. 2013) ................................................................... 12

| Cases | Pages |
|---|---|

*Miller v. McHugh,*
  814 F. Supp. 2d 299 (S.D.N.Y. 2011)......................................................................10

*Nieves v. City of New York,*
  No. 15 Civ. 2227 (ALC), 2017 U.S. Dist. LEXIS 133503
  (S.D.N.Y. Aug. 18, 2017) ..............................................................................10, 11

*Paluh v. HSBC Bank USA,*
  409 F. Supp. 2d 178 (W.D.N.Y. 2005) ..................................................................4

*Parochial Bus Sys., Inc. v. Bd. of Educ.,*
  60 N.Y.2d 539 (1983) ...............................................................................18, 19

*Patane v. Clark,*
  508 F.3d 106 (2d Cir. 2007).................................................................................2

*PBS Building Systems, Inc. v. The City of New York,*
  No. 94 Civ. 3488 (JGK), 1996 U.S. Dist. LEXIS 15006 (S.D.N.Y. Oct. 10,
  1996) .......................................................................................................................18

*Pierson v. City of New York,*
  56 N.Y.2d 950 (1982) ...........................................................................................19

*Polera v. Board of Educ. of NewBurgh Enlarged City School District,*
  288 F.3d 478 (2d Cir. 2002)....................................................................................4

*Quarles v. Maryland Dep't of Human Res.,*
  No. 13 Civ. 3553 (MJG), 2014 U.S. Dist. LEXIS 168483
  (D. Md. Dec. 5, 2014) ..........................................................................................10

*Riddle v. Citigroup,*
  449 Fed. Appx. 66 (2d Cir. 2011)..........................................................................4

*Rogers v. City of N.Y.,*
  359 F. Appx. 201 (2d Cir. 2009)..........................................................................10

*Ronga v. Klein,*
  81 A.D.3d 567, 917 N.Y.S.2d 568,
  *lv to appeal denied,* 17 N.Y.3d 704 (2011)........................................................15

*Rothman v. Gregor,*
  220 F.3d 81 (2d Cir. 2000).....................................................................................2

*Rouse v. City of New York,*
  No. 08 Civ. 7418 (HB), 2009 U.S. Dist. LEXIS 46718
  (S.D.N.Y. June 2, 2009).........................................................................................20

**Cases**                                                                 **Pages**

*Schroeder v. Suffolk Cty. Cmty. Coll.*,
    No. 07 Civ. 2060 (JFB), 2009 U.S. Dist. LEXIS 52533
    (E.D.N.Y. June 22, 2009) ................................................................................9

*Shaffer v. Schenectady City Sch. Dist.*,
    245 F.3d 41 (2d Cir. 2000).............................................................................13

*Smith v. Reg'l Plan Ass'n*,
    No. 10 Civ. 5857 (BSJ) (KNF), 2011 U.S. Dist. LEXIS 117712
    (S.D.N.Y. Oct. 7, 2011) .................................................................10, 11, 13

*Sotolongo v. New York City Transit Authority*,
    63 F. Supp. 2d 353 (S.D.N.Y. 1999)................................................................4

*Staehr v. Hartford Fin. Services Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008)............................................................................8

*Sternkopf v. White Plains Hosp.*,
    No. 14 Civ. 4076 (CS), 2015 U.S. Dist. LEXIS 129996
    (S.D.N.Y. Sept. 25, 2015).............................................................................5, 7

*Sussle v. Sirina Prot. Sys. Corp.*,
    269 F. Supp. 2d 285 (S.D.N.Y. 2003)...........................................................10

*Telemaque v. Marriott Int'l, Inc.*,
    No. 14 Civ. 6336 (ER), 2016 U.S. Dist. LEXIS 12170
    (S.D.N.Y. Feb. 2, 2016) ..................................................................................9

*Thoreson v. Penthouse Int'l Ltd.*,
    80 N.Y.2d 490 (1992) ...................................................................................20

*Tromp v. City of New York*,
    465 Fed. Appx. 50 (2d Cir. 2012)...................................................................8

*Ullah v. NYC Dep't of Educ.*,
    No. 11 Civ. 3868 (GBD)(MHD), 2012 U.S. Dist. LEXIS 141825
    (S.D.N.Y. Sept. 27, 2012) .............................................................................18

*Varsity Tr., Inc. v. Bd. of Educ. of City of New York*,
    5 N.Y.3d 532 (2005) .....................................................................................18

*Vela v. Village of Sauk*,
    218 F.3d 661 (7th Cir. 2000) ..........................................................................6

**Cases**                                                                                          **Pages**

*Wright v. N.Y.C. Off-Track Betting Corp.*,
    No. 05 Civ. 9790 (WHP), 2008 U.S. Dist. LEXIS 22567
    (S.D.N.Y. Mar. 24, 2008) ...........................................................................................6

*WSP United States Corp. v. Marinello*,
    No. 13 Civ. 4591 (PKC), 2013 U.S. Dist. LEXIS 178419
    (S.D.N.Y. Dec. 18, 2013) .........................................................................................8

*Zinermon v. Burch*,
    494 U.S. 113 (1990).................................................................................................13

**Statutes**

29 C.F.R. § 1630.2(j)(1)(ii).........................................................................................12

42 U.S.C. § 1981.........................................................................................................20

42 U.S.C. § 1983................................................................................................1, 16, 20

42 U.S.C. §§ 12101, *et seq.*........................................................................................1

42 U.S.C. § 12102(1) ...................................................................................................8

42 U.S.C. § 12102(2)(A)..............................................................................................9

42 U.S.C. § 12102(3)(A)............................................................................................12

Fed. R. Civ. P. 4(m) .....................................................................................................1

Fed. R. Civ. P. 12 .........................................................................................................8

Fed. R. Civ. P. 12(b)(6)................................................................................................7

Fed. R. Civ. P. 12(c)..............................................................................................1, 2, 7

N.Y.C. Admin. Code §§ 8-101, *et seq.* .......................................................................1

N.Y. Educ. Law § 2572 ...............................................................................................3

N.Y. Educ. Law § 2573(1)(a) ...............................................................................13, 14

N.Y. Educ. Law § 3020-a ...........................................................................................13

N.Y. Educ. Law § 3813 ..............................................................................................18

**Statutes**                                                                                                            **Pages**

N.Y. Educ. Law § 3813(1)..................................................................................................17

N.Y. Exec. L. §§ 290, *et seq.* ...........................................................................................1

**Other Authorities**

ADA Amendment Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008) ...............................8

## PRELIMINARY STATEMENT

Plaintiff, a former probationary teacher employed by the New York City Department of Education ("DOE"), brings this action pursuant to the ADA, § 1983, and the SHRL and CHRL.[1]  Plaintiff alleges that defendant DOE[2] subjected him to discrimination and retaliation based on a physical disability and that plaintiff received tenure by estoppel.

Defendant now moves for judgment on the pleadings dismissing the Amended Complaint ("Complaint") in its entirety pursuant to Rule 12(c).  First, plaintiff failed to exhaust his administrative remedies because plaintiff's Equal Employment Opportunity Commission ("EECO") Charge of Discrimination (the "Charge") did not mention plaintiff's request for a reasonable accommodation or that plaintiff was allegedly discriminated or retaliated against for making such a request.  Second, plaintiff has not stated a claim under the ADA because the Complaint fails to allege a disability.  Third, plaintiff did not possess a property interest in continued DOE employment.  For plaintiff to establish a property interest in his employment plaintiff must plausibly allege that he earned tenure, by estoppel or otherwise, before the date of his termination.  Plaintiff has not met this burden as plaintiff was notified of his termination before his probationary period was completed.  Finally, plaintiff's SHRL and CHRL claims must

---

[1] In this memorandum, "DOE" is, formally, the Board of Education of the City School District of the City of New York; the "ADA" is the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; "§ 1983" is 42 U.S.C. § 1983 (the Due Process Clause, tenure by estoppel claim), and the SHRL and CHRL are the New York State Human Rights Law, N.Y. Exec. L. §§ 290, *et seq.* and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*, respectively.  All references to "Rule" are to the Federal Rules of Civil Procedure.

[2] Under Rule 4(m), plaintiff must serve the complaint within 90 days of filing.  The Complaint was filed on February 12, 2016. Dkt. No. 1.  Defendants Malik Small and Joyce Stallings-Harte have not been served with the summons and Complaint filed in this action and it is too late to do so now.  Therefore, these individuals should be dismissed from the case.

be dismissed because plaintiff failed to file a notice of claim. Therefore, the Complaint should be dismissed in its entirety.

**STATEMENT OF FACTS**[3]

In September, 2012, plaintiff began working for the DOE as a probationary science teacher at the East New York Middle School of Excellence in Brooklyn, New York (the "School"). Amd. Compl. ¶ 15. In June, 2013, plaintiff's probationary period was extended from the end of 2012-13 school year until November 22, 2014. Amd. Compl. ¶ 17. Plaintiff received an overall "Developing" rating for the 2013-14 school year. Answer ¶ 25; Ex. 3 to Answer.

On June 6, 2014, plaintiff broke his leg while on a school field trip. Amd. Compl. ¶ 18. Following the leg injury, plaintiff was unable to return to work for several months. Amd. Compl. ¶ 20. Plaintiff was approved for a Line of Duty Injury leave for the period June 9, 2014, until January 8, 2015. Amd. Compl. ¶ 23.

---

[3] This statement of facts is derived from the allegations in, and exhibits annexed to, the Amended Complaint, Docket No. 19 ("Amd. Compl.") and the exhibits annexed to the Answer, Docket No. 21. Plaintiff's factual allegations are assumed to be true for the purposes of this motion to dismiss only. Defendant also relies on plaintiff's Charge, a copy of which is annexed to the Declaration of Natalie S. Marcus, dated December 1, 2017 ("Marcus Decl."). This Court may consider these documents in reviewing this motion. *See L-7 Designs, Inc. v. Old Navy LLC,* 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.") (internal citations omitted); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action). The Court may consider materials extraneous to the Amended Complaint without converting this motion to dismiss into a motion for summary judgment because "a complaint includes documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Patane v. Clark,* 508 F.3d 106, n.2 (2d Cir. 2007) (quoting *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000)) (internal quotations omitted).

By letter, dated September 22, 2014, Superintendent Joyce Stallings-Harte informed plaintiff of his probationary discontinuance stating, in part, "This is to inform you that in accordance with Section 2572 Subdivision 1 of the State Education law; I am denying your Certification of Completion of Probation with the New York City Department of Education." Ex. 1 to Answer. The letter also stated "Please be advised that your service under this appointment shall terminate as of the close of business **60 days from the date of this letter or the probation completion date listed above** [November 21, 2014], whichever occurs first." Ex. 1 to Answer. (Emphasis in original).

By letter, dated October 1, 2014, Principal Small also informed plaintiff of his probationary discontinuance stating, in part, "Please be advised that your service under the appointment shall terminate as of the close of business **60 days from the date of this letter or the probation completion date listed above** [November 21, 2014], whichever occurs first." Ex. 2 to Answer. (Emphasis in original). Nearly five months later, on February 20, 2015, plaintiff filed a charge of discrimination with the EEOC. Amd. Compl. ¶ 29; Ex. A to Marcus Decl.

Plaintiff filed for a review hearing of his denial of tenure and discontinuance of employment with the DOE Office of Appeals and Reviews ("OAR"). Amd. Compl. ¶ 27. In March 2015, a hearing was held before a panel selected by OAR. Amd. Compl. ¶ 28. By letter, dated June 11, 2015, Superintendent Stallings-Harte, due to administrative error, issued a letter reversing the previous actions which resulted in Denial of Certification of Completion of Probation. Answer, Ex. 4; Amd. Compl. ¶ 30; Answer ¶ 30.

Plaintiff alleges that two days later, on June 13, 2015, he sent an email to Superintendent Stallings-Harte stating his intentions to return to work provided that he receives reasonable accommodations due to his leg injury. Amd. Compl. ¶ 31. Plaintiff was notified by

Superintendent Stallings-Harte, by letter, dated June 16, 2015, to disregard the Superintendent's prior letter, dated June 11, 2015, as it was sent in error and she reaffirmed the decision to deny plaintiff tenure and to discontinue his probationary employment.  Amd. Compl. ¶ 33; Answer ¶ 33; Answer, Ex. 5.

## POINT I

### THE ADA CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

The ADA requires an employee to file an administrative charge of discrimination with the EEOC or a state agency.  *See Riddle v. Citigroup*, 449 Fed. Appx. 66, 69 (2d Cir. 2011).  "A plaintiff's failure to exhaust administrative remedies as to an ADA claim renders the district court without jurisdiction over such claims in a civil action in federal court."  *Paluh v. HSBC Bank USA,* 409 F. Supp. 2d 178, 196 (W.D.N.Y. 2005) (citing *Polera v. Board of Educ. of NewBurgh Enlarged City School District*, 288 F.3d 478, 480 (2d Cir. 2002)).  "The Second Circuit has held, in the context of a Title VII claim, that '[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge.'"  *Id.* at 196-197 (quoting *Butts v. City of New York Dep't of Housing Preservation & Development,* 990 F.2d 1397, 1401 (2d Cir. 1993)).  "This requirement also applies to claims brought under the ADA."  *Id.* at 197 (quoting *Sotolongo v. New York City Transit Authority,* 63 F. Supp. 2d 353, 360 (S.D.N.Y. 1999)).  However, a plaintiff fails to exhaust if the complaint contains an ADA claim which was not included in the charge.  *Hoffman v. Williamsville Sch. Dist.*, 443 Fed. Appx. 647, 649 (2d Cir. 2011) (holding "nothing in the Charge provided the EEOC sufficient notice to investigate [plaintiff's] allegation that she requested and was refused a reasonable accommodation for an alleged disability in 2005, so the allegation is not reasonably

related to the Charge. [Plaintiff's] ADA claim was therefore also properly dismissed as unexhausted.")

Here, plaintiff's Charge does not allege that plaintiff requested a reasonable accommodation much less that he was discriminated or retaliated against for making such a request. Ex. A to Marcus Decl.[4] Nor is plaintiff's reasonable accommodation allegation reasonably related to those allegations in the Charge. *Id.* Therefore, the claims under the ADA must be dismissed. *See Kelly v. N. Shore-Long Island Jewish Health Sys.*, 166 F. Supp. 3d 274, 288-290 (E.D.N.Y. 2016) (dismissing ADA retaliation claim for failure to allege facts related to retaliation claim in the EEOC Complaint); *Sternkopf v. White Plains Hosp.*, No. 14 Civ. 4076 (CS), 2015 U.S. Dist. LEXIS 129996, *27 (S.D.N.Y. Sept. 25, 2015) (dismissing claims for failure to accommodate, retaliation and disparate treatment where "the factual allegations in the SHDR complaint make no mention of any request for accommodation, or any disparate treatment or adverse action other than Plaintiff's termination.")

In *Bawa v. Brookhaven Nat'l Lab*, 968 F. Supp. 865, 869 (E.D.N.Y. 1997), plaintiff "allege[d] that he was discriminatorily denied several transfers and promotions after he filed his EEOC charge on March 8, 1993, and that these claims are reasonably related to the [transfer and promotion] claims in his original EEOC charges." Plaintiff, however, "did not file an EEOC charge relating to any denials of transfer or promotion or any other alleged discriminatory conduct occurring after March 8, 1993." *Id.*

---

[4] Because "the EEOC charge is a public document filed in an administrative proceeding, and is integral to plaintiff's ADA claims, the charge, together with the documents accompanying the charge filed in the EEOC proceeding are also properly considered on this motion." *Cohn v. KeySpan Corp.*, 713 F. Supp. 2d 143, 154 (E.D.N.Y. 2010).

The *Bawa* court explained that "[w]hile the incidents may initially appear to be reasonably related because they involve a similar manner of discrimination, the Second Circuit in *Butts* found no reasonable relationship under similar facts when it affirmed dismissal of two promotion discrimination claims for lack of jurisdiction because a woman did not file an additional or amended EEOC charge which allegedly occurred after she filed her original EEOC charge." *Id.* "As such, the *Butts* court makes it clear that this Court lacks jurisdiction over all of [plaintiff] Bawa's Title VII promotion and transfer claims relating to conduct that occurred after March 8, 1993 because Bawa failed to file an EEOC charge with respect to those claims." *Id.*

Similarly, here, plaintiff's reasonable accommodation claims are not reasonably related to the discrimination claim that plaintiff outlined in his Charge. Moreover, plaintiff explicitly stated that "I also hereby reserve the right to modify/supplement this complaint at a later date" in the last sentence of his affirmation that was submitted in support of his Charge. Ex. A to Marcus Decl. Plaintiff's failure to file a supplement to his Charge is fatal to these claims. *See Brutus v. Silverseal Corp.*, No. 06 Civ. 15298 (LAP), 2009 U.S. Dist. LEXIS 112654, *12-13 (S.D.N.Y. Nov. 24, 2009) (dismissing hostile work environment claim for failure to exhaust at the administrative level); *Wright v. N.Y.C. Off-Track Betting Corp.*, No. 05 Civ. 9790 (WHP), 2008 U.S. Dist. LEXIS 22567, *7 (S.D.N.Y. Mar. 24, 2008) (dismissing race hostile work environment claim where only race based discrete events were alleged); *Vela v. Village of Sauk*, 218 F.3d 661 (7th Cir. 2000) (sex discrimination alleged in EEOC Charge without mention of sex harassment does not suffice to exhaust administrative remedies for the sex harassment claim).

Here, the "reasonably related doctrine cannot be stretched to bridge the gap between the allegations asserted in the plaintiff's administrative complaint and the claims he

raises in this civil action." *Sternkopf*, 2015 U.S. Dist. LEXIS 129996, at *27 (quoting

*Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008)); *see Ceslik v. Miller Ford, Inc.*, 584 F.

Supp. 2d 433, 441-42 (D. Conn. 2008) ("noting that "[o]ne could not reasonable expect an ADA

claim concerning an asthmatic condition or a sexual harassment claim under Title VII would

give notice about claims concerning *all* disabilities or *all* discrimination.") (emphasis added).

Therefore, the ADA discrimination and retaliation claims based on plaintiff's alleged request for

a reasonable accommodation should be dismissed.

## POINT II

## THE COMPLAINT FAILS TO STATE A CLAIM OF RELIEF THAT IS PLAUSIBLE ON ITS FACE.

### A.    Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are

closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  A motion for judgment on

the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Rule 12(b)(6)

motion to dismiss.  *King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (quoting

*Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).  To survive a motion to dismiss under

Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550

U.S. 544, 570 (2007)).  Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."

While generally the determination of a Rule 12(c) motion is limited to

consideration of the pleadings, documents incorporated by reference or that are integral to the

pleadings, also may be considered.  *See Dechberry v. New York City Fire Dep't*, 124 F. Supp. 3d

131, 135 (E.D.N.Y. 2015).  Moreover, "[a]ffirmative defenses, …, are properly considered by a court" on a Rule 12 motion.  *See WSP United States Corp. v. Marinello*, No. 13 Civ. 4591 (PKC), 2013 U.S. Dist. LEXIS 178419, *8 (S.D.N.Y. Dec. 18, 2013) (citing *Staehr v. Hartford Fin. Services Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *Tromp v. City of New York*, 465 Fed. Appx. 50, 51-52 (2d Cir. 2012)).  Finally, "matters judicially noticed by the District Court are not considered matters outside of the pleadings."  *See Dechberry*, 124 F. Supp. 3d at 136.

## B.     The Complaint Fails to Allege a Disability for Purposes of the ADA

In order to state a claim under the ADA, a plaintiff must first show that he is a qualified person with a disability for purposes of the statute.  Under the 2008 amendments to the ADA, a disability is "a physical or mental impairment that substantially limits one or more of the major life activities of an individual," a record of such impairment, or being regarded as having such an impairment.  ADA Amendment Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008), incorporated at 42 U.S.C. § 12102(1).  To establish that an individual has a disability, he must:  "(1) show that he suffers from a physical or mental impairment, (2) identify the activity claimed to be impaired and establish that it constitutes a major life activity, and (3) show that his impairment substantially limits the major life activity previously identified."  *Graham v. Three Vill. Cent. Sch. Dist.*, No. 11 Civ. 5182 (JFB), 2013 U.S. Dist. LEXIS 143264, *34 (E.D.N.Y. Sep. 30, 2013) (citations omitted).  The ADAAA does not define what constitutes a "substantial limitation," but notes that what qualifies should 'not demand extensive analysis." *See id.* at *34-35.

Plaintiff alleges that "[a]s a result of his [broken leg] injury, Plaintiff's major life activities, including walking, running[5], ascending and descending stairs and bending were substantially limited." Amd. Compl. ¶ 22. Plaintiff further alleges that "[w]hen the cast was removed in early September 2014, Plaintiff began extensive physical therapy and continued to suffer arthritis[6] and walk with a cane as a result of the injury." Amd. Compl. ¶ 21. Thus, plaintiff's ADA claim turns on whether his leg injury "substantially limits" a major life activity.

As an initial matter, "broken and fractured bones do not generally qualify as a disability within the meaning of the ADA." *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 389 (W.D.N.Y. 2014) (collecting cases) ("Although Plaintiff alleges that her broken arm limited the major life activities of 'caring for oneself . . . and working' (*id.*), she fails to allege any facts supporting or further describing how her broken arm limited these activities" and therefore does not qualify as a disability under the ADA.). The instant Complaint suggests that plaintiff used a cane at some point in time to help him walk but the Complaint does not allege that plaintiff was unable to walk or use stairs, or that he suffers from any pain as a result

---

[5] "[R]running…is not even among the examples of major life activities listed in the ADA, 42 U.S.C. § 12102(2)(A), and courts have consistently declined to deem it as such. *See, e.g., Schroeder v. Suffolk Cty. Cmty. Coll.*, No. 07 Civ. 2060 (JFB), 2009 U.S. Dist. LEXIS 52533, 2009 WL 1748869, at *6 n.2 (E.D.N.Y. June 22, 2009) ('[A]ctivities such as running and jumping have been held to not constitute major life activities within the meaning of the ADA.')" *Telemaque v. Marriott Int'l, Inc.*, No. 14 Civ. 6336 (ER), 2016 U.S. Dist. LEXIS 12170, *23 (S.D.N.Y. Feb. 2, 2016).

[6] Plaintiff's allegation that he suffers from arthritis does not support a disability claim. In *Telemaque,* plaintiff alleged that "his arthritis 'causes him ongoing pain for which regularly takes pain medication'" but failed to allege that this pain substantially limited a specific major life activity, and thus, it did not qualify as a disability under the ADA. *Telemaque*, 2016 U.S. Dist. LEXIS 12170, at *24-25. Here, the Complaint does not even allege that plaintiff takes any medication for this alleged condition or that plaintiff experiences any pain from this condition much less that it substantially limited a major life activity. *Telemaque*, 2016 U.S. Dist. LEXIS 12170, at *24-25 (noting "[t]he mere fact that Plaintiff takes pain medication, standing alone, also does not adequately allege a substantial limitation on a major life activity.")

of walking or using stairs.  In any event, "it is well settled that difficulty climbing stairs … does not alone constitute a 'substantial impairment' to a 'major life activity.'"  *Nieves v. City of New York*, No. 15 Civ. 2227 (ALC), 2017 U.S. Dist. LEXIS 133503, *18 (S.D.N.Y. Aug. 18, 2017) (quoting *Miller v. McHugh*, 814 F. Supp. 2d 299, 317 (S.D.N.Y. 2011) (citing, *inter alia*, *Rogers v. City of N.Y.,* 359 F. Appx. 201, 203 (2d Cir. 2009) ("an inability to climb stairs, at least in the circumstances alleged, is not a substantial limitation of a major life activity so as to render [plaintiff] disabled under the ADA"); *Sussle v. Sirina Prot. Sys. Corp.*, 269 F. Supp. 2d 285, 312 (S.D.N.Y. 2003) ("[t]he inability to walk long distances or to climb stairs does not in itself substantially limit an individual's ability to perform a major life activity.") (internal quotations and citations omitted).  Furthermore, "showing that the ability to walk has been substantially limited is a high bar."  *Nieves*, 2017 U.S. Dist. LEXIS 133503, *18; *Smith v. Reg'l Plan Ass'n*, No. 10 Civ. 5857 (BSJ) (KNF), 2011 U.S. Dist. LEXIS 117712, *15 (S.D.N.Y. Oct. 7, 2011) ("A plaintiff must meet a demanding standard to establish a claim of disability based on difficulties walking.").

Here, as in *Nieves*, plaintiff "claims he used a cane to help him walk" and therefore plaintiff "was not substantially limited in his major life activity of walking."  *Nieves,* 2017 U.S. Dist. LEXIS 133503, *18 (citing *Kelly v. Rice,* 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005) (finding that a plaintiff was not substantially limited in walking as long as she could use her cane); *Quarles v. Maryland Dep't of Human Res.*, No. 13 Civ. 3553 (MJG), 2014 U.S. Dist. LEXIS 168483, at *9-11 n.8 (D. Md. Dec. 5, 2014) (dismissing ADA claim where plaintiff alleged that her diabetes "limit[ed] her abilities to move freely, walk steps, or travel from building to building" without providing specific allegations to show that her major life activity of

walking was substantially limited); *Smith* 2011 U.S. Dist. LEXIS 117712, at *15 ("Merely alleging 'difficulty walking' does not pass this threshold.")

Moreover, "[t]he EEOC guidelines provide that an impairment qualifies under the ADA if it substantially limits the individual's ability to walk compared to those around him." *Nieves*, 2017 U.S. Dist. LEXIS 133503 at *18. Here, the Complaint does not allege any instances where plaintiff's ability to walk or use stairs were substantially limited as compared to other individuals.

Plaintiff also makes the conclusory allegation that his ability to bend was substantially limited. Amd. Compl. ¶ 22. Such an allegation does not meet the minimal pleading standards. In *Garey v. Wal-Mart Stores East, LP,* No. 15 Civ. 778 (MJG), 2016 U.S. Dist. LEXIS 55170, *15-16 (D. Md. Apr. 25, 2016), plaintiff alleged that she "suffers from severe pain which substantially limits her major life activity of walking as well as other major life activities including, but not limited to, *bending*, stooping, standing for long periods of time." *Id.* at *15 (emphasis added). The complaint did "not present specific factual allegations regarding the degree to which [plaintiff's] knee problems limit her major activities." *Id.* at *16. "[T]he conclusory allegation that her pain 'substantially limits' those [walking, bending, stooping, standing] activities is merely a formulaic recitation of the elements of the claim, rather than a specific factual allegation that creates a plausible cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ('a formulaic recitation of the elements of a cause of action' is insufficient to state a claim.)" *Id.* Furthermore, the *Garey* court noted that alleging plaintiff "'had difficulty' performing certain tasks is insufficient to show, as she must, that she was limited in that activity 'as compared to most people in the

general population.'  29 C.F.R. § 1630.2(j)(1)(ii)."  *Id.* at \*16.  Here, the Complaint does not meet these criteria.

Furthermore, a plaintiff must also allege that he was subjected to the adverse employment action "because of his disability."  *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013).  "Whether an ADA plaintiff is required to demonstrate that the subject disability discrimination was a 'but-for cause' of the defendant's adverse employment action is an open question in the Second Circuit."  *Kelly v. North Shore Long Island Jewish Health Sys.*, 166 F. Supp. 3d 274, 286 (E.D.N.Y. 2016) (noting that some courts require an ADA plaintiff to establish that the disability was a "motivating factor" of the adverse treatment, while others apply a "but for" causation standard).  Under either standard, the Complaint fails to allege facts sufficient to demonstrate that plaintiff's termination occurred as a result of plaintiff's alleged disability.  Indeed, plaintiff was on notice of his poor performance prior to injuring his leg. Answer ¶ 25; Ex. 3 to Answer (plaintiff's evaluations for 2013-14 school year).

Finally, under the ADA, a plaintiff will be regarded as having a qualifying impairment "if the individual established that he or she has been subjected to an action prohibited under this act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  While plaintiff may argue that defendant had knowledge of plaintiff's broken leg, "the mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action.  *Kruger*, 10 F. Supp. 3d. at 389-390 (internal citations omitted).  "As explained by the Supreme Court in *Twombly*, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 390 (quoting *Twombly*, 550 U.S. at 555); *Smith*, 2011 U.S. Dist. LEXIS 117712, *14-15 (plaintiff who sustained a fractured ankle did not plead "facts adequate to show that her employers perceived her as disabled" because she merely offered "the conclusory statement that 'Defendants perceived Plaintiff as a disabled person'…[t]hat formulaic recitation of an element of her cause of action will not due under *Twombly*, 127 S. Ct. at 1959.") Accordingly, plaintiff's ADA claims should be dismissed.

**C.      Plaintiff Failed to Establish a Claim of Tenure by Estoppel**

To prove a Due Process Clause violation, plaintiff must establish that he had a constitutionally protected property interest in continued employment and that he was deprived of that interest without the process due. *See Board of Regents v. Roth*, 408 U.S. 564, 577-578 (1972); *see also Zinermon v. Burch*, 494 U.S. 113, 125 (1990). "Property interests…are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law…that secure certain benefits and support claims of entitlement to those *benefits*." *Roth*, 408 U.S. at 577. It is well settled that to have a property interest in a continued employment, plaintiff must have "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id*. at 577. Thus, we turn to New York's statutory tenure scheme.

In New York, a tenured teacher has a protected property interest in his position. *See* N.Y. Educ. Law §§ 2573(1)(a) (probationary period); § 3020-a (hearing for tenured teachers); *Shaffer v. Schenectady City Sch. Dist.*, 245 F.3d 41, 46 (2d Cir. 2000). It is well settled that probationary teachers have no entitlement to employment and consequently no constitutionally cognizable property interest in continued DOE employment. *See Lima v. New*

*York City Dep't of Educ.*, No. 12 Civ. 3318 (RRM)(SMG), 2013 U.S. Dist. LEXIS 92288, *9-15 (E.D.N.Y. July 1, 2013). New York vests tenure decisions in the school board, here the DOE, and a probationary employee may be denied tenure without being granted a hearing. *See Emma v. Schenectady City Sch. Dist.*, 28 F. Supp. 2d 711 (N.D.N.Y 1998); *Castro v. New York City Bd of Educ.*, 777 F. Supp. 1113, 1117 (S.D.N.Y. 1990) ("Because [plaintiff] did not have a protectable property interest in his probationary teaching position, due process did not require a hearing prior to his dismissal.")

In general, in order to earn tenure in New York, teachers must be formally appointed to a vacant probationary teaching position and serve for three years. N.Y. Educ. Law § 2573(1)(a). Subsequent to formal appointment to a probationary position, a teacher can earn tenure either by: (1) explicit approval by the superintendent at the expiration of the probationary period or (2) the teacher can earn "tenure by estoppel." Tenure by estoppel may only be invoked when a school board accepts the continued services of a teacher, but fails to take the action required to either grant or deny tenure prior to the expiration of the probationary period. *See Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251 (JFB)(AKT), 2014 U.S. Dist. LEXIS 52852, *18 (E.D.N.Y. Apr. 16, 2014). "In particular, the court must find that the DOE permitted the probationary teacher to continue to teach after expiration of the probationary period with full knowledge and consent." *Files v. Department of Educ. of the City of N.Y.*, Index. No. 10039/2011, 2012 NY Slip Op 32541(U), 2012 N.Y. Misc. LEXIS 4773, *8 (Sup. Ct. N.Y. Co. Oct. 4, 2012).

Here, plaintiff's Due Process Clause claim rests on the proposition that plaintiff was a tenured teacher at the time of his termination. Specifically, plaintiff alleges that having achieved tenure by estoppel, he was not provided the process due a tenured teacher. Amend.

Compl. ¶¶ 34-38.  Plaintiff alleges that he was treated as a probationary teacher who has no rights in employment.  *Id.*

Plaintiff, however, was specifically informed by letter, dated September 22, 2014, two months before the expiration of his probation period, that he would not receive tenure and that he was terminated as of the last day of his probationary period.  Ex. 1 to Answer to the Amended Complaint, Dkt. No. 21.  Plaintiff alleges that his probationary period ended on November 22, 2014, ignoring the fact that he had not worked for the DOE at all since June 6, 2014, much less as a teacher on a tenured track.  Amd. Compl. ¶ 24.  Therefore, plaintiff was notified prior to the expiration of his probationary period that the DOE was terminating his services.  *Ronga v. Klein*, 81 A.D.3d 567, 917 N.Y.S.2d 568 (1st Dep't), *lv to appeal denied*, 17 N.Y.3d 704 (2011) ("Petitioner failed to demonstrate that he acquired tenure by estoppel.  The record establishes that he did not perform the duties of a principal with DOE's knowledge or consent beyond the expiration of his probationary term . . . prior to the expiration of the probationary period DOE notified petitioner that he would not be given tenure.")

Finally, plaintiff fails to satisfy the basic premise that, in order to acquire tenure by estoppel, he must be performing the duties of a teacher during his probation period *and* beyond its expiration.  *See Files v. Dep't of Educ. of the City of N.Y.*, 118 A.D.3d 624, 625 (1st Dep't 2014), *lv. denied*, 25 N.Y.3d 905 (2015).  In *Files*, "the Petitioner failed to demonstrate that she acquired tenure by estoppel, since, as the record demonstrates she did not perform the duties of teacher beyond her probationary term."  *Id.*  Similarly, here, plaintiff has not established tenure by estoppel as he did not perform the duties of teacher beyond his probationary term.  *See Matter of Gould v. Bd. of Educ. of Sewankhaka Cent. High School Dist.*, 81 N.Y.2d 446, 451 (1993) (To acquire tenure it is necessary that the board, which has failed to

take the required action, "with full knowledge and consent, permits a teacher to continue to teach beyond the expiration of the probationary term.") There are no allegations in the Complaint that plaintiff taught or engaged in any other duties of a teacher after June 6, 2014, much less after November 21, 2014. Plaintiff did not have a constitutionally cognizable property interest in his employment and therefore was not entitled to any pre-termination process. Therefore, plaintiff's § 1983 claim must be dismissed.

In any event, all of the process due to plaintiff was available to him in the form of a post-deprivation Article 78 proceeding. *See Martinez v. O'Leary*, No. 11 Civ. 1405 (ENV)(JO), 2013 U.S. Dist. LEXIS 94050, *9-10 (E.D.N.Y. June 28, 2013), *appeal dismissed* 569 F. Appx. 59 (2d Cir. 2014), *cert. denied* 135 S. Ct. 1001 (2015) ("The Second Circuit has endorsed state court Article 78 review as a sufficient post-deprivation remedy in the context of a deprivation claim based on a change in employment status.") (citing *Byrne v. Ceresia*, 503 F. Appx. 68, 69 (2d Cir. 2012)). Since plaintiff "could have challenged [his] termination through an Article 78 proceeding, fully vindicating [his] constitutional right to due process, [he] was not deprived of that right by any act or omission of the City, and [his] claim to the contrary fails." *See id.* An Article 78 proceeding was the vehicle through which to challenge DOE's determination to discontinue plaintiff's probationary period. *See McDonald v. Bd. of Educ. of City of New York*, No. 01 Civ. 1991 (NRB), 2001 U.S. Dist. LEXIS 10325, *18 (S.D.N.Y. July 25, 2001) (holding that Due Process did not require New York to hold a tenure-status hearing prior to terminating any teacher it believed was probationary because an Article 78 proceeding was an adequate post-deprivation remedy).

Plaintiff commenced this lawsuit after the expiration of the four-month statute of limitations applicable to Article 78 proceedings. The running of the statutory period, however,

has no bearing on the validity of his due-process claim.  As the Second Circuit put it, a plaintiff cannot "resuscitate [his] due process claim simply because an Article 78 proceeding is now barred by Article 78's four-month statute of limitations."  *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996); *see also Elston v. Vergersky and The City of New York*, No. 15 Civ. 91 (CBA)(MDG), March 29, 2016, Dkt. No. 21 at 12, *aff'd,* 697 Fed. Appx. 22 (2d Cir. 2017) ("Where, as here, Article 78 gave…a meaningful opportunity to challenge the [termination] …, [plaintiff] was not deprived of due process simply because [he] failed to avail [himself] of the opportunity.") (quoting *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881).  For these reasons, plaintiff has failed to establish a due-process violation and this claim must be dismissed.

**POINT III**

**THE SHRL AND CHRL CLAIMS AGAINST THE DOE MUST BE DISMISSED FOR FAILURE TO FILE A NOTICE OF CLAIM.**

Plaintiff's SHRL and CHRL claims should be dismissed because plaintiff has failed to file a notice of claim with the DOE.  *See* Affidavit of Madeline Abo ("Abo Aff."), dated November 27, 2017, ¶¶ 2-4; Pltf's Ltr. in Opp. to Request for Pre-Motion Conference, dated Sept. 18, 2017, Dkt. No. 40, n.1 ("Plaintiff acknowledges that a Notice of Claim was not filed, however this is a requirement only as to Plaintiff's SHRL and CHRL [claims] against the DOE.")  In order to state a cause of action against the DOE, a plaintiff must comply with the requirements of New York State Education Law § 3813(1).  The notice of claim provisions of the Education Law require that a notice of claim be filed before any suit may be brought against the DOE.

Filing a notice of claim is a procedural requirement for all claims pursuant to state or city law asserted against the DOE including employment discrimination claims brought

pursuant to the SHRL and CHRL.  *See DeCarolis v. Town of Vienna*, 322 Fed. Appx. 25, 26 (2d Cir. 2009) (state notice of claim requirements apply to state law claims brought in federal court); *Ullah v. NYC Dep't of Educ.*, No. 11 Civ. 3868 (GBD)(MHD), 2012 U.S. Dist. LEXIS 141825, *4 (S.D.N.Y. Sept. 27, 2012) (disability claim under CHRL barred because plaintiff failed to file notice of claim); *PBS Building Systems, Inc. v. The City of New York*, No. 94 Civ. 3488 (JGK), 1996 U.S. Dist. LEXIS 15006, *9 (S.D.N.Y. Oct. 10, 1996) ("The appropriate remedy for failure by the plaintiff to comply with a statutory notice of claim requirement is dismissal of the action, even if the claim is meritorious"); *Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 369 (2007) (Education Law § 3813 applies to workplace discrimination claim brought pursuant to New York State Human Rights Law); *Gastman v. Dept. of Educ. of City of N.Y.*, 60 A.D.3d 444, 444 (1st Dept. 2009) (affirming dismissal of claims brought pursuant to SHRL and CHRL for plaintiff's failure to file a notice of claim).

It is well-settled in New York that if a plaintiff fails to properly file a notice of claim, she will be deemed to have failed a necessary condition to initiate her claim and defendants will be entitled to dismissal of the lawsuit with prejudice.  *See Parochial Bus Sys., Inc. v. Bd. of Educ.*, 60 N.Y.2d 539, 548 (1983) (plaintiff's failure to file a notice of claim in a suit against the Board of Education "is a fatal defect mandating dismissal of this action").  Courts are without power to disregard failure to comply with notice of claim requirements, even to avoid a harsh result.  *See Varsity Tr., Inc. v. Bd. of Educ. of City of New York,* 5 N.Y.3d 532, 536 (2005) ("We have repeatedly rejected, and now reject again, proposals to compromise the strict statutory notice of claim requirement, because to do so would lead to uncertainty and vexing disputes"); *Parochial Bus Sys. Inc.*, 60 N.Y.2d at 548 ("Nor may a claimant be relieved of a

positive statutory mandate simply because no prejudice has resulted, even to avoid a harsh result.").

Here, plaintiff did not file a notice of claim at any time prior to commencing this action. *See* Abo Aff. ¶ 4. Therefore, plaintiff's failure to file a notice of claim with the school district is fatal to his claims under the New York State and New York City Human Rights Laws. *See Parochial Bus Sys., Inc.*, 60 N.Y.2d at 549 ("The Legislature has spoken unequivocally that no action or proceeding may be prosecuted or maintained against any school district or board of education unless a notice of claim has been '*presented to the governing body*,' and this court may not disregard its pronouncement.") (citations omitted, emphasis in original). Because plaintiff failed to file a notice of claim, his SHRL and CHRL claims should be dismissed.

It need only be added that it is now too late to file a motion for a late notice of claim against the DOE. Such a motion can only be made *before* the expiration of the statute of limitations. *See Pierson v. City of New York*, 56 N.Y.2d 950 (1982) (holding that an action is time-barred where there has been no service of a notice of claim and the statute of limitations has expired). Thus, the SHRL and CHRL claims must be dismissed.

## POINT IV

### PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED.

Plaintiff's claims for punitive damages must be dismissed. First, "courts in this Circuit have found that punitive damages are *not* available under the ADA in claims against municipalities." *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 186 (E.D.N.Y. Feb. 5, 2015) (emphasis supplied); *Infantolino v. Joint Industry Bd. of Elec. Industry*, 582 F. Supp.2d 351, 362 (E.D.N.Y. 2008) ("punitive damages are not available for claims brought pursuant to the anti-retaliation provisions of the ADA[.]").

Second, punitive damages are *not* available against any employer under the SHRL. *See Thoreson v. Penthouse Int'l Ltd.*, 80 N.Y.2d 490, 499 (1992).

Third, it is well-settled that a public entity, such as a school district or board of education, may not be liable for punitive damages, except where expressly authorized by statute. *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 259-63 (1981); *see Brown v. Baldwin Union Free Sch. Dist.*, 603 F. Supp. 2d 509, 519 (E.D.N.Y. 2009) ("school districts and boards of education are municipal entities immune from punitive damages under Title VII, § 1981, and § 1983").

The case law is clear that punitive damages cannot be recovered against the DOE. *See Kohn v. N.Y. City Police Dep't*, 372 F.3d 83, 86 (2d Cir. 2004); *Brandon v. O'Mara*, No. 10 Civ. 5174 (RJH), 2011 U.S. Dist. LEXIS 112314, *26-27 (S.D.N.Y. Sept. 28, 2011) ("Nor are [punitive damages] available for actions under the New York City Human Rights Law against agencies of the City of New York or their employees."); *Rouse v. City of New York,* No. 08 Civ. 7418 (HB), 2009 U.S. Dist. LEXIS 46718, *14 (S.D.N.Y. June 2, 2009) ("Punitive damages are not available against municipal entities under the CHRL."). Therefore, all claims for punitive damages must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant DOE respectfully requests that the Court grant its motion to dismiss the Amended Complaint in its entirety, that the Amended Complaint be dismissed in all respects, that judgment be entered for defendant DOE, and that defendant DOE be granted costs, fees, and expenses, together with such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            December 1, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
**Attorney for Defendant DOE**
100 Church Street, Room 2-197
New York, New York 10007-2601
(212) 356-2629
nmarcus@law.nyc.gov


By:    /s/ Natalie S. Marcus
       Natalie S. Marcus
       Assistant Corporation Counsel