# STEWART LEE KARLIN LAW GROUP, P.C.
## Daniel E. Dugan, Esq.
111 John Street, 22nd Floor
New York, New York 10038
(212) 792-9670/Office
(212) 732-4443/Fax

dan@stewartkarlin.com

**MEMBER OF THE BAR**  Concentrating in Employment, Education, Insurance
**NEW YORK & NEW JERSEY**  and Commercial Law

January 25, 2018

**Via ECF**
Honorable Carol B. Amon
United States District Court
Eastern District of New York
Brooklyn, NY 11201

      Re:    **Telesford v. New York City Department of Education, et al.**
              **16 CV 819 (CBA)(SMG)**

Dear Judge Amon:

      As you are aware, I represent the Plaintiff Edgar Telesford in the above-referenced action. In response to the Court's directive, following the January 24, 2018 oral argument, to provide additional case law concerning notices of claim with respect to Plaintiff's state law claims. Based on the following authority, Plaintiff requests that the Court deny Defendant's motion to dismiss, to the extent that it seeks dismissal of Plaintiff's New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL") claims for equitable relief.

      A notice of claim is only required when money damages are sought. *See* Kahn v. New York City Dept. of Educ., 79 A.D.3d 521 [1st Dept. 2010], *citing* Ruocco v. Doyle, 38 A.D.2d 132 [2nd Dept. 1972]. Education Law § 3813 requires filing of a Notice of Claim within three months of the accrual of a claim relating to district property or property of schools. (Ed. Law § 3813[1]). However, a notice of is not required where the only relief sought is equitable in nature. *See* Kahn; Ruocco. Thus, Plaintiff is entitled to maintain his discrimination and retaliation claims under the SHRL and CHRL to the extent that they seek equitable relief, most importantly reinstatement to his position with the Defendant.

      Thank you for your attention to this matter.

Very truly yours,

s/ Daniel E. Dugan
Daniel E. Dugan, Esq.
Stewart Lee Karlin Law Group, P.C.