

| ZACHERY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | NATALIE S. MARCUS<br>Tel.: (212) 356-2629<br>Fax: (212) 356-2439<br>nmarcus@law.nyc.gov |
|---|---|---|

January 29, 2018

**By ECF**
Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  Telesford v. New York City Department of Education, et al.,
              16 Civ. 819 (CBA)(SMG)
              Our No. 2016-008526

Dear Judge Amon:

        I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel for the City of New York, attorney for the sole defendant, New York City Department of Education ("DOE"), in the above-referenced action. Defendant writes in response to the letter filed by plaintiff on January 25, 2018, regarding whether plaintiff's New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively) claims must be dismissed because plaintiff failed to file a notice of claim as required by New York Education Law § 3813.

        Plaintiff's argument that the SHRL and CHRL claims should not be dismissed is simply an attempt to evade the notice of claim requirement. The New York Court of Appeals has already held that Education Law § 3813(1), the notice of claim requirement, is applicable to workplace discrimination claims brought against a school district, which in the instant matter is defendant DOE. *See Amorosi v. South Colonie Ind. Cent. School Dist.*, 9 N.Y.3d 367, 369 (2007). Even before *Amorosi*, settled this issue, the New York Appellate Division had held that

> [w]here a plaintiff seeks private relief, damages, or *reinstatement* for employment discrimination in violation of the Executive Law, the filing of a timely notice of claim is a condition precedent to suit.

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
January 29, 2018
Page 2

*Sangermano v. Bd. of Coop. Educ. Servs.,* 290 A.D.2d 498 (2d Dep't 2002) (emphasis added); *see Cavanaguh v. Bd. of Educ.*, 296 A.D.2d 369 (2d Dep't 2002) ("Where, as here, a plaintiff seeks private relief for employment discrimination in violation of the Executive Law, the timely filing of a notice of a claim is a condition precedent to suit."). There can be no doubt that Education Law § 3813 which contains a notice of claim and a statute of limitations applies to plaintiff's claims in the case at bar. Plaintiff admits that he failed to file a notice of claim and that it is now too late to attempt to do so. Therefore, the SHRL and CHRL claims must be dismissed.

Plaintiff now desperately attempts to circumvent the notice of claim requirement – a certain indication that plaintiff recognizes that the requirement applies here. During the January 24, 2018, argument, plaintiff withdrew his monetary damages demand under the SHRL and CHRL while maintaining his claim for reinstatement. Plaintiff also maintains a claim for monetary damages measured as back pay. This is a transparent attempt to recast plaintiff's claims to evade the notice of claim requirement. Were it successful it would reduce the notice of claim requirement to nothing more than a matter of careful pleading. This is plainly not the law.

In *Lewandowksi v. Clyde-Savannah Cent. Sch. Dist. Bd. of Educ.*, Index No. 77253/2014, 2015 N.Y. Misc. LEXIS 46, *5-6 (Sup. Ct. Wayne Co. Jan. 6, 2015), *aff'd.* 143 A.D.3d 1278 (4th Dep't 2016), petitioner failed to file a notice of claim and argued that the claim for monetary damages should be severed from her request for reinstatement and survives the failure to file a notice of claim. The Court rejected petitioner's argument holding that a notice of claim must be filed in order to maintain the demand for reinstatement. *Id.* at *6. The Appellate Division affirmed.

Moreover, in *Howard-Davis v. Klein*, Index No. 103457/2009, 2010 N.Y. Misc. LEXIS 1499, *9-10, 14 (Sup. Ct. N.Y. Co. Feb. 3, 2010), petitioner (a probationary assistant principal) sought an order granting her tenure but petitioner failed to file a notice of claim which mandated dismissal of the action. The Court noted the exception to the notice of claim requirement that takes place when the plaintiff seeks vindication of a public interest. *Id.* at *10. But a challenge to the termination of a probationary position does not seek vindication of a public interest. *Id.* at *11-14. The Court held that the "proceeding concern[ed] petitioner's challenge to the DOE's decision to terminate her probationary assistant principal appointment, and the process afforded to her by DOE. Such matters concern petitioner's private rights, thereby requiring her to file a notice of claim." *Id.* at *14. Similarly, here, plaintiff's claims concern his private rights as a probationary teacher and plaintiff's failure to file a notice of claim requires dismissal of his SHRL and CHRL claims.

Finally, plaintiff's reliance on *Kahn v. New York City Dept. of Educ.*, 79 A.D.3d 521 (1st Dep't 2010) and *Ruocco v. Doyle*, 38 A.D.2d 132 (2nd Dep't 1972) is misplaced. In *Kahn*, the Court explained that "Petitioner's *claims*, which are equitable in nature, are not barred by her failure to file a notice of claim." *Id.* at 522 (emphasis added). Petitioner was not

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
January 29, 2018
Page 3

maintaining a claim for monetary damages as in the instant matter where plaintiff is seeking such damages. Similarly, in *Ruocco*, 38 A.D.2d at 134, "the plaintiff's complaint makes no claim for money damages" so the "action d[id] not involve a claim for monetary damages." In any event, it is not the nature of the relief but, rather, the nature of the claim that determines the applicability of the notice of claim requirement.

Accordingly, plaintiff's SHRL and CHRL claims must be dismissed.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/Natalie Marcus
Natalie Marcus
Assistant Corporation Counsel

cc: Daniel Dugan (By ECF)