

ZACHERY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARK R. FERGUSON
Senior Counsel
Telephone: (212) 356-1106
Fax No.: (212) 356-2507
Email: mferguso@law.nyc.gov

June 13, 2019

**By ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:     Telesford v. New York City Department of Education, et al.,
                  16 Civ. 819 (CBA)(SMG)
                  Our No. 2016-008526

Dear Judge Amon:

        I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel for the City of New York, attorney for the sole remaining defendant, New York City Department of Education ("DOE"), in the above-referenced action. Pursuant to Rule III(A) of the Court's Individual Rules, DOE writes to respectfully request a pre-motion conference to discuss its intended motion for summary judgment. Defendant also requests, on behalf of all parties that in light of the summary judgment motion, an adjournment of the submission date for the Joint Pretrial Order ("JPTO") from June 24, 2019, until after the motion is decided. Defendant respectfully suggests that the JPTO conference scheduled for June 26th either be converted into a pre-motion conference or adjourned until after the motion is decided.[1]

**Background**

        Plaintiff is a former DOE probationary teacher who alleges discrimination and retaliation based on his disability (a broken leg). Plaintiff was terminated during his probationary period on December 2, 2014. On January 8, 2018, defendant moved to dismiss the entirety of plaintiff's complaint as against all parties. (Motion To Dismiss, Dkt. No. 46). By decision, dated September 17, 2018, all of plaintiff's claims against all defendants were

---

[1] The deadlines set in Magistrate Judge Gold's order of May 29, 2019, are: plaintiff's attorney to serve his portion of the JPTO on June 18, 2019; defendant to serve its portion on June 21st, and plaintiff to file the JPTO on June 24, 2019, with a conference to be held on June 26, 2019.

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
June 13, 2019
Page 2

dismissed with the exception of a disability discrimination claim against DOE under the Americans with Disabilities Act ("ADA"). Plaintiff filed an EEOC charge of discrimination on February 20, 2015, more than two (2) months after his termination.

**No *Prima Facie* Case**

ADA claims are analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination. If plaintiff establishes a *prima facie* case then the burden of production shifts to defendant to articulate a legitimate nondiscriminatory reason for its actions. If defendant articulates a legitimate nondiscriminatory reason for its actions then plaintiff must show pretext, that is, that the proffered reason was false and that discrimination was the real reason for defendant's actions. *Id.* at 802-804.

Under the ADA, to establish a *prima facie* case of discrimination, a plaintiff must demonstrate that: "(1) the defendant is covered by the ADA; (2) [the] plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) [the] plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) [the] plaintiff suffered an adverse employment action because of his disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155-56 (2d Cir. 2010). "In considering whether a major life activity is substantially limited by an impairment, courts consider 'the nature and severity of the impairment; its duration or expected duration; and the existence of any actual or expected permanent or long term impact.'" *Mazzeo v. Mnuchin*, 751 Fed. Appx. 13, 15 (2d Cir. 2018) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 57 (2d Cir. 2005).

Plaintiff allegedly suffered a broken leg on June 6, 2014, and was unable to work for a number of months. However, "typically, temporary disabilities do not trigger the protections of the ADA because individuals with temporary injuries are not disabled persons within the meaning of the act." *Soto v. Marist*, 17 Civ. 7976 (KMK), 2019 U.S. Dist. LEXIS 94225, at *44 (S.D.N.Y. Jun. 5, 2019) (quoting *Zick v. Waterfront Comm'n of N.Y. Harbor*, 11 Civ. 5093 (CM), 2012 U.S. Dist. LEXIS 144920, at *4 (S.D.N.Y. Oct. 4, 2012) (internal quotations omitted). As plaintiff suffered only from a transitory impairment, he was not disabled under the ADA and cannot establish a *prima facie* case.

**Retaliation *Prima Facie* Case**

"[T]he elements of a retaliation claim under…the ADA are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (internal citations omitted). Here, the protected activity was a request for a reasonable accommodation on June 9, 2015.

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
June 13, 2019
Page 3

Defendant concedes that Superintendent Stallings-Harte reaffirmed the denial of plaintiff's certification of completion of probation on June 16, 2015, a week after the alleged protected activity and, thus, plaintiff may have stated a *prima facie* case of retaliation.

**Legitimate Nondiscriminatory Reasons**

Assuming, *arguendo*, that plaintiff established a *prima facie* case of both discrimination and retaliation, plaintiff's claims fail because DOE has articulated a legitimate nondiscriminatory reason for terminating plaintiff. Plaintiff failed to develop pedagogically during the course of his DOE employment and violated Chancellor's Regulation A-640 by filming students at the school without their parents' permission. The latter claim was investigated and substantiated by Principal Malik Small. Prior to plaintiff's injury, plaintiff received low evaluations over the course of his probation, had his probation extended by one year, and received numerous letters to file.

Plaintiff cannot show that his well-documented deficiencies as a teacher long preceding his termination were false and that discrimination or retaliation was the real reason for his termination. Thus, plaintiff's claims of both discrimination and retaliation fail. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2009). The Second Circuit has held that "while the temporal proximity between [the plaintiff's] termination and [the protected activity] satisfies the causation element of [a] prima facie case, it is insufficient to create a question of fact as to whether [the defendant's] proffered non-retaliatory rationale for terminating [the plaintiff] was pretextual." *Ragusa v. Malverne Union Free Sch. Dist.*, 381 F. App'x 85, 89 (2d Cir. 2010) (emphasis supplied). Thus, plaintiff cannot rely on the temporal proximity of his probationary termination and his request for reasonable accommodation. There is no evidence of comparators here; no probationary teacher at the school who was not performing and who filmed students as plaintiff did. *See Shumway v. United Parcel Service*, 118 F.3d 60, 64 (2d Cir. 1997).

Defendant has conferred with plaintiff's counsel regarding DOE's intention to seek summary judgment. In light of defendant's request for a pre-motion conference, both parties request that the submission of the JPTO be adjourned until after the summary judgment motion has been decided. The parties request that the June 26th JPTO conference be converted into a pre-motion conference or adjourned until after the motion.

Thank you for your consideration of this request.

Respectfully submitted,

/s/Mark Ferguson
Mark R. Ferguson
Assistant Corporation Counsel

**HONORABLE CAROL B. AMON**
United States District Judge
<u>Telesford v. New York City Department of Education, et al.</u>
16 Civ. 819 (CBA)(SMG)
June 13, 2019
Page 4

cc: Daniel Dugan (by ECF)