# STEWART LEE KARLIN LAW GROUP, P.C.
**Daniel E. Dugan, Esq.**
**111 John Street, 22nd Floor**
**New York, New York 10038**
**(212) 792-9670/Office**
**(212) 732-4443/Fax**
dan@stewartkarlin.com

**MEMBER OF THE BAR**  **Concentrating in Employment, Education,**
**NEW YORK & NEW JERSEY** **Insurance and Commercial Law**

<u>Via ECF</u>
Honorable Carol B. Amon
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Telesford v. New York City Department of Education, et al.**
            **16 CV 819 (CBA)(SMG)**

Dear Judge Amon:

Plaintiff Edgar Telesford through his counsel submits his response to Defendant's pre-motion letter pursuant to Rule III(A) of the Court's Individual Rules, and respectfully requests that the Court deny Defendant New York City Department of Education's ("DOE") request for a pre-motion conference in regard to an anticipated motion for summary judgment. Following discovery in this action, the evidence shows that there exists material issues which necessitate denial of Defendant's motion for summary judgment.

**Background**

Plaintiff, a former teacher with the New York City Department of Education, alleges discrimination and retaliation due to Plaintiff's disability (a broken leg suffered in the line of duty). Defendant moved to dismiss the complaint in its entirety on January 8, 2018. By decision dated September 17, 2018, Plaintiff's ADA claims (discrimination and retaliation) were permitted to go forward.

**Factual and Legal Basis for Denial of Pre-Motion Conference**

"To establish a prima facie case under the ADA, a plaintiff must show, *inter alia*, that

1

[s]he has a disability." Spruill v. N.Y. City Health & Hosps. Corp., No. 06 Civ. 11362 (WHP), 2008 U.S. Dist. LEXIS 64468, at *7 (S.D.N.Y. Aug. 25, 2008) (citing Reeves v. Johnson Controls World Servs., 140 F.3d 144, 149-50 (2d 1998)), aff'd, 2010 U.S. App. LEXIS 4282 (2d Cir. Mar. 2, 2010). The ADA defines the term "disability," with respect to an individual, as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The ADA Amendments Act of 2008 ("ADAAA) (codified as amended at 42 U.S.C.A. §§ 12101-12102 (1990)), set forth a new, more lenient, standard for determining whether an individual is "regarded as disabled." Specifically, the ADAAA provides that "'[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.'" Laurent v. G & G Bus Serv., Inc., No. 10 Civ. 4055 (JGK) (LMS), 2011 U.S. Dist. LEXIS 77138 at *19 (S.D.N.Y. 2011) (quoting 42 U.S.C. § 12102(3)(A)) report & rec. adopted, 2011 U.S. Dist. LEXIS 74348 (S.D.N.Y. 2011). Additionally, while plaintiffs are no longer required to demonstrate that the perceived disability limits a major life activity, a plaintiff must still allege facts showing that the employer *regarded* the plaintiff as disabled. See Laurent, 2011 U.S. Dist. LEXIS 77138 at *20-*21; *see also* Harris v. NYU Langone Med. Ctr., No. 12 Civ. 0454(RA) (JLC), 2013 U.S. Dist. LEXIS 99328 at *62-63 (S.D.N.Y. July 9, 2013). Furthermore, a plaintiff will not be regarded as disabled if the perceived disability is transitory, meaning it has an actual or expected duration of six months or less, and minor. See Harris, 2013 U.S. Dist. LEXIS 99328 at *63

Here, as this Court found in the September 17, 2018 decision, Plaintiff meets the disability definition set forth under the ADA. On June 6, 2014, Plaintiff suffered a severe broken leg to his tibia and fibula on a field trip while working and therefore suffered this injury in the line of duty. Telesford's Principal, Malik Small, was present when he suffered the injury. Plaintiff was not able to immediately return to work for several months because he was bed-ridden for six weeks and then required a wheelchair for mobility for two months after this severe leg injury. Plaintiff wore a cast on his leg from the tip of his toes to his hip. When the cast was removed in early September 2014, Plaintiff began extensive physical therapy and continues to suffer arthritis and walk with a cane as a result of the injury. As a result of his injury, Plaintiff's major life activities, including walking, running, ascending and descending stairs, and bending were substantially limited.

Plaintiff has also set forth a prima facie case of retaliation. Under the ADA the elements of retaliation are "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a cause connection exists between the protected activity and the adverse action." Weixel v. Bd. Of Educ. Of City of New York, 287 F.3d 138, 148 (2d Cir. 2002). "Temporal proximity is sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination." Vale v. Great Neck Water Pollution Control Dist., 80 F. Supp.3d 426, 437 (EDNY 2015).

On June 11, 2015, Superintendent Joyce Stallings-Harte issued a letter to Plaintiff rescinding her original December 2, 2014 determination denying Plaintiffs denial of tenure and discontinuance, thereby effectively reinstating him to his employment. On June 13, 2015, Plaintiff sent an email to Superintendent Stallings-Harte stating his intentions to return to work provided that he receive reasonable accommodations for his disabilities due to his leg injury. Specifically, Plaintiff requested access to an elevator; flexible time to sit or rest after standing for more than an hour; additional time to move between classrooms; and extra time and assistance to set up and break down science labs. On or about June 17, 2015, almost immediately after Defendants received Plaintiff's June 13, 2015 email request for a reasonable disability accommodation and intent to return to work, Superintendent Stallings-Harte issued Plaintiff a subsequent letter advising him to disregard her June 11, 2015 letter, and reaffirming her initial decision to deny Plaintiff tenure and terminate his employment. Thus based on the appropriate standard on a motion for summary judgment Plaintiff has stated a prima facie case of retaliation under the ADA.

Under the burden shifting framework of McDonnell Douglas Plaintiff is able to show that the stated basis for his termination is merely a pretext for discrimination and retaliation. First, as stated above, there is a close temporal proximity, of just a few days, between Plaintiff's request for accommodations and his termination. Further, Principal Small testified that he did not speak with Superintendent Stallings-Harte regarding Plaintiff's alleged performance deficiencies thus there exists a question of fact as to the reason for Plaintiff's termination. While Plaintiff received a mix of developing and ineffective ratings towards the end of the 2013-2014 school year, Principal Small had planned for Plaintiff to work a Summer 2014 assignment, as well as made no attempt to seek a replacement for Plaintiff's position. Additionally, by email dated, July 8, 2014, while Principal Small denied Plaintiff his tenure, he also informed Plaintiff of his ability to explore Open Market, implying that Plaintiff was still eligible to seek other employment with the DOE. These actions by Principal Small, all of which occurred prior to Plaintiff's injury show that Principal Small intended for Plaintiff to continue his employment. Thereafter Plaintiff was injured and he did not teach again, creating a question of fact as to whether the stated basis for Plaintiff's termination was a pretext for discrimination and retaliation.

Thank you for consideration of this matter.

Very truly yours,

s/ Daniel E. Dugan
Daniel E. Dugan, Esq.
Stewart Lee Karlin Law Group, P.C.

CC:  Mark Ferguson, Assistant Corp. Counsel, (Attorney for Defendants) *via ECF*