

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARK R. FERGUSON**<br>Senior Counsel<br>Telephone: (212) 356-2507<br>Fax No.: (212) 356-1106<br>Email: mferguso@law.nyc.gov |

July 10, 2020

**By ECF**

Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Telesford v. New York City Department of Education, et al.,
                16 Civ. 819 (CBA)(SMG)
                Our No. 2016-008526

Dear Judge Amon:

        I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel for the City of New York, attorney for the sole remaining defendant, New York City Department of Education ("DOE"), in the above-referenced action. Pursuant to Rule III(A) of the Court's Individual Rules, DOE writes to respectfully request a pre-motion conference to discuss its anticipated motion for summary judgment.

        There was a previous pre-motion conference on July 19, 2019,[1] at the conclusion of which Your Honor ordered that the parties make further attempts at settlement. *See* Minute Entry Pre-Motion Conference, Dated July 19, 2019. The parties met with Magistrate Judge Gold on November 7, 2019 for a settlement conference, which was unsuccessful. *See* Minute Entry for Settlement Conference, ECF Dkt. No. 69. Magistrate Judge Gold ordered further discovery and that, at the conclusion of such discovery, the parties either request a further settlement conference or in the alternative, propose a date for a pre-motion conference. *Id.* at Dkt. No. 69.

**Background**

        Plaintiff is a former DOE probationary teacher who alleges discrimination and retaliation based on his disability (a broken leg). He was assigned to the East New York Middle

---

[1] Defendant previously filed a pre-motion letter on June 13, 2019 (ECF Dkt. No. 62) setting forth the basis for the proposed summary judgment motion.

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
July 10, 2020
Page 2

School of Excellence (the "school") during the entirety of his career with the DOE. The principal at the school during the relevant time period was Malik Small, and the school's superintendent was Joyce Stallings-Harte.

Plaintiff injured his leg during a school trip on June 6, 2014. Plaintiff thereafter went out on leave for Line of Duty Injury ("LODI"), which the Principal and Superintendent approved, through January 2015. On July 8, 2014, due to plaintiff's poor pedagogical development and lack of professionalism, Principal Small informed plaintiff via e-mail that he was recommending that he not be granted tenure and that his probationary employment be terminated. By letter dated September 22, 2014, Superintendent Stallings-Harte informed plaintiff that he was being denied tenure and that his "service under this [probationary] appointment shall terminate as of the close of business 60 days from the date of this letter or the probation completion date, whichever occurs first."  Thereafter, by letter dated December 2, 2014, the Superintendent informed plaintiff that his probationary employment was terminated effective that day.

Plaintiff internally appealed his denial of tenure. On March 10, 2015, the DOE Chancellor's Committee submitted its recommendation to Superintendent Stallings-Harte: two members recommended reinstatement, but the committee chair recommended upholding the denial of tenure. On June 11, 2015, due an administrative error, Superintendent Stallings-Harte mistakenly sent plaintiff a letter reversing his denial of tenure. On June 13, 2015, plaintiff e-mailed the Superintendent and stated that, upon his return to the school, he would require accommodations including access to an elevator and someone to help him set up and take down lab equipment. By dated June 16, 2015, Superintendent Stallings-Harte informed plaintiff her previous letter had been sent in error and should be disregarded, and that she was upholding his denial of tenure and probationary termination.

On January 8, 2018, defendant moved to dismiss the entirety of plaintiff's complaint as against all parties.  *See* Motion To Dismiss, ECF Dkt. No. 46.  By decision, dated September 17, 2018, all of plaintiff's claims against all defendants were dismissed with the exception of plaintiff's disability discrimination and retaliation claims against DOE under the Americans with Disabilities Act ("ADA").

**Legitimate Nondiscriminatory Reasons**

"[T]he elements of a retaliation claim under…the ADA are (i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 148 (2d Cir. 2002) (internal citations omitted).

Both Principal Small and Superintendent Stallings-Harte denied plaintiff's tenure, at the latest, in autumn 2014, long before his request for reasonable accommodation in June

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
July 10, 2020
Page 3

2015. These decisions were based upon plaintiff's poor pedagogical development and lack of professionalism. Indeed, they had previously extended plaintiff's probationary period at the end of the 2012-2013 schoolyear due to their concerns with his pedagogy. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).

While plaintiff's email on June 13, 2015, constitutes protected activity, where an employer is considering the adverse employment action in question before the protected activity occurred, "their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." *Clark County School District v. Breeden*, 532 U.S. 268, 272 (2001). The administrative error of the June 11, 2015 letter cannot obfuscate the clear decisions and consistent actions taken by Principal Small and Superintendent Stallings-Harte months prior to plaintiff's email request for accommodation. During his tenure with DOE, from 2012 to 2014, plaintiff received a total of 6 negative classroom observations[2], and 4 letters to his personnel file. All of these negative ratings and letters preceded plaintiff's purported disability and accommodation request.

ADA discrimination claims are analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, plaintiff must establish a *prima facie* case of discrimination. If plaintiff establishes a *prima facie* case then the burden of production shifts to defendant to articulate a legitimate nondiscriminatory reason for its actions. If defendant articulates a legitimate nondiscriminatory reason for its actions then plaintiff must show pretext, that is, that the proffered reason was false and that discrimination was the real reason for defendant's actions. *Id.* at 802-804.

Here, even if plaintiff could establish a *prima facie* case of discrimination or retaliation, plaintiff's claims fail because DOE has articulated legitimate nondiscriminatory reasons for terminating plaintiff. Plaintiff failed to develop pedagogically during the course of his DOE employment, as evidenced in his observations from both Principal Small and Assistant Principal Lee, and exhibited poor professional conduct, as evidenced in his letters to file including a refusal to cover a colleague's class upon Principal Small's request and a finding that plaintiff had violated Chancellor's Regulation A-640 by filming students at the school without their parents' permission. These deficiencies necessitated that plaintiff's probationary term be extended by one year. However, despite this opportunity to improve his pedagogy and performance, plaintiff did not sufficiently develop and improve during this extended probationary period.

---

[2] Starting in the Fall of 2013, the school started using *Advance*, the DOE's new system of teacher evaluation and development.

**HONORABLE CAROL B. AMON**
United States District Judge
Telesford v. New York City Department of Education, et al.
16 Civ. 819 (CBA)(SMG)
July 10, 2020
Page 4

Plaintiff cannot show that his well-documented deficiencies as a teacher (long preceding his injury and accommodation request) were false, and that discrimination or retaliation was the real reason for his termination. Thus, plaintiff's claims of both discrimination and retaliation fail.  *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2009).  The Second Circuit has held that "while the temporal proximity between [the plaintiff's] termination and [the protected activity] satisfies the causation element of [a] prima facie case, it is insufficient to create a question of fact as to whether [the defendant's] proffered non-retaliatory rationale for terminating [the plaintiff] was pretextual." *Ragusa v. Malverne Union Free Sch. Dist.*, 381 F. App'x 85, 89 (2d Cir. 2010) (emphasis supplied). Thus, plaintiff cannot rely upon the temporal proximity of his probationary termination and his request for reasonable accommodation. There is no evidence of comparators here; no probationary teacher at the school who was not performing and who filmed students as plaintiff did. *See Shumway v. United Parcel Service*, 118 F.3d 60, 64 (2d Cir. 1997).

Finally, it should be noted that Principal Small has provided similar accommodations to other injured or pregnant staff members including elevator access and providing aid within classrooms. Thus, the notion that he targeted plaintiff because of his purported disability or accommodation request are without basis.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/   Mark Ferguson*
Mark R. Ferguson
Assistant Corporation Counsel

cc: Daniel Dugan (by ECF)