16 Civ. 819 (CBA) (SMG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EDGAR TELESFORD,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark R. Ferguson*
*Tel: (212) 356-2507*
*Matter #: 2016-008526*

**TABLE OF CONTENT**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT

     POINT I

          SUMMARY     JUDGMENT     SHOULD     BE
          GRANTED REGARDING ALL CLAIMS ................................................2

          A.   No Prima Facie Case of Discrimination ..............................................2

          B.   No Evidence of Pretext for Discrimination .......................................7

          C.   Retaliation ........................................................................................9

          D.   Reasonable Accommodations...........................................................12

     CONCLUSION.................................................................................................... 13

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                  <u>**Pages**</u>

*Hayes v. New York City Dep't of Corr.*,
   84 F.3d 614 (2d Cir. 1996)..........................................................................................5

*Jordan v. Forfeiture Support Assocs.*,
   928 F. Supp. 2d 588 (E.D.N.Y. 2013) ..............................................................3-4

*Kessler v. Westchester Dept. of Social Services*,
   461 F.3d 199 (2d. Cir. 2006).....................................................................................12

*Krasner v. City of New York*,
   No. 11 Civ. 2048, 2013 U.S. Dist. LEXIS 136534 (S.D.N.Y. Sept. 23, 2013) ......................12

*Maher v. Alliance Mortg. Banking Corp.*,
   650 F. Supp. 2d 249 (E.D.N.Y. 2009) ..............................................................10

*McDonnell v. Schindler Elevator Corp.*,
   No. 12 Civ. 4614, 2014 U.S. Dist. LEXIS 96824 (S.D.N.Y. July 16, 2014)
    (*aff'd* 618 Fed. Appx. 697 (2d Cir. 2015))..................................................................6

*Nakis v. Potter*,
   422 F. Supp. 2d 398 (S.D.N.Y. 2006)...............................................................10

*Ouaratino v. Tiffany & Co.*,
   71 F.3d 58 (2d Cir. 1995) .....................................................................................8

*Reyes v. Krasdale Foods, Inc.*,
   945 F. Supp. 2d 486 (S.D.N.Y. 2013)................................................................10

*Rodriguez v. DeBuono*,
   44 F. Supp. 2d 601 (S.D.N.Y. 1999),
   *rev'd on other grounds*, 197 F.3d 611 (2d Cir. 1999)..................................................3

*Slattery v. Swiss Reinsurance Am. Corp.*,
   248 F.3d 87 (2d Cir. 2001).............................................................................. 6, 9

*Soto v. Marist Coll.*,
   No. 17 Civ. 7976, 2019 U.S. Dist. LEXIS 94225 (S.D.N.Y. Jun. 5, 2019).............................3

*Sotomayor v. City of New York*,
   862 F. Supp. 2d 226 (E.D.N.Y May 21, 2012) ........................................................8

*St. Mary's Honor Ctr. v. Hicks*,
   509 U.S. 502 (1993)...........................................................................................8

**Cases**                                                                                      **Pages**

*Taylor v. City of New York*,
    269 F. Supp. 2d 68 (E.D.N.Y. 2003) .......................................................................10

*Tube City IMS, LLC v. Anza Capital Partners, LLC*,
    No. 14 Civ. 1783, 2016 U.S. Dist. LEXIS 139279 (S.D.N.Y. Oct. 6, 2016) ...........................5

*Vale v. Great Neck Water Pollution Control Dist.*,
    80 F. Supp. 3d 426 (E.D.N.Y. 2015) .........................................................................6

*Vives v. New York City Dep't of Corr.*,
    No. 15 Civ. 6127, 2019 U.S. Dist. LEXIS 51913 (E.D.N.Y. Mar. 27, 2019) ..........................3

*Zurenda v. Cardiology Assocs., P.C.*,
    No. 10 Civ. 882, 2012 U.S. Dist. LEXIS 68633 (N.D.N.Y. May 16, 2012) ...........................3

## PRELIMINARY STATEMENT

Plaintiff, a former probationary science teacher assigned to the East New York Middle School of Excellence ("ENYMSE") at the beginning of the 2012-2013 school year, commenced this action asserting claims of age, race, and disability discrimination and retaliation. Following a motion for judgment on the pleadings, this Court dismissed all claims with the exception of Plaintiff's disability discrimination and retaliation claims against the New York City Department of Education ("DOE") pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Defendant moved for summary judgment arguing that Plaintiff cannot state a *prima facie* case of disability discrimination under the ADA as he has not shown that he was disabled within the meaning of that statute, and that Plaintiff could not show the requisite pretext; that is, that Defendant's well documented, legitimate reasons for denying his tenure are false, and that the real reason was discrimination. Plaintiff's retaliation claim under the ADA is similarly deficient because there is no evidence of a causal connection between his protected activity and the alleged adverse actions. Finally, to the extent that Plaintiff asserts a failure to accommodate claim, that claim is fatally flawed for the simple reason that the decision to terminate Plaintiff had already been made at the time that he requested an accommodation. Plaintiff opposed the motion and Defendant now replies.

In opposition, Plaintiff contends that his temporary disability of a broken leg constitutes a disability under the ADA. Plaintiff also asserts that the alleged temporal proximity of his injury to the decision to deny his tenure is sufficient to overcome his years of poor pedagogical and professional development, and establish a pretext of discrimination. Plaintiff further contends that, contrary to the very purpose of the Chancellor's Committee to only make recommendations regarding tenure to DOE Superintendents, who are the final decision makers, a 2-1 split of committee members must instead be adopted by the Superintendent or else it must be

viewed as pretext of discrimination or retaliation. Plaintiff chooses not to address Defendant's extensive case law and arguments regarding the limitations on temporal proximity to establish a causal connection between Plaintiff's protected activity and adverse job actions. Instead, he merely asserts that the timeline of the Superintendent's letters necessarily establishes a *prima facie* case of retaliation without providing any evidence or case law beyond speculation. Further, Plaintiff fails to proffer any evidence, beyond his own conclusory allegations, that establishes Defendant's legitimate non-discriminatory and non-retaliatory reasons were pretextual.

Accordingly, for the foregoing reasons which are set forth more fully below, and for the reasons set forth in Defendant's September 7, 2020 Moving Memorandum of Law ("Def. Memo."), Plaintiff's Amended Complaint must be dismissed in its entirety.

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT SHOULD BE GRANTED REGARDING ALL CLAIMS

**A.     No Prima Facie Case of Discrimination**

As Defendant argued in its moving papers, Plaintiff cannot establish a *prima facie* case of disability discrimination under the ADA because he cannot show that he was disabled or that he was terminated because of his disability. Specifically, Defendant argued that temporary disabilities, such as a broken leg, are not considered a disability under the ADA, unless accompanied by improper healing that results in long-term difficulty walking. *See* Def. Memo. at 9.

In opposition to Defendant's motion, Plaintiff alleges that his broken leg constitutes a disability because he was not immediately able to return to work for several months and his major life activities of walking, running, ascending and descending stairs, and bending

were substantially limited at that time. *See* Memorandum of Law in Opposition to Defendant's Motion For Summary Judgment ("Pl's Mem.") at 12. Plaintiff asserts that his bedrest and hip to toe cast satisfy the definition of disability under the ADA, but fails to acknowledge that Plaintiff testified that he is currently able to ambulate as well as he could prior to the injury, and that he was able to ambulate without any aid, including a cane, as of 2015. *See* Transcript of the Deposition of Edgar Telesford, taken June 6, 2019, ("Pl. Dep."), Ferguson Decl. Ex. "C" at 106:22-107:3). Given that Plaintiff has admitted that he is fully ambulatory and was so by 2015, his broken leg was only a temporary disability and did not constitute a disability under the ADA. *See Rodriguez v. DeBuono*, 44 F. Supp. 2d 601, 617 (S.D.N.Y. 1999), *rev'd on other grounds*, 197 F.3d 611 (2d Cir. 1999)); *see also Zurenda v. Cardiology Assocs., P.C.*, No. 10 Civ. 882, 2012 U.S. Dist. LEXIS 68633, at *8 (N.D.N.Y. May 16, 2012) (dismissing ADA claim where the plaintiff "was recovering from a knee surgery [and] was working on a part time basis" at the time she "was discharged [from] her employment"); *Soto v. Marist Coll.*, No. 17 Civ. 7976, 2019 U.S. Dist. LEXIS 94225, at * (S.D.N.Y. Jun. 5, 2019) (professor missing weeks of classes due to emergency surgery and recovery was not considered disabled under the ADA as his disability was temporary).  As Plaintiff was not disabled under the ADA, his discrimination claim should be dismissed.

It should be noted that Plaintiff does not argue in his opposition that he is asserting a perceived disability claim. Even if the Court were to consider this argument at this late juncture, it should be dismissed as "the 'regarded as' definition of disability does not apply to impairments that are both 'transitory and minor,' which the statute defines as impairments with an actual or expected duration of [six] months or less." *Vives v. New York City Dep't of Corr.*, No. 15 Civ. 6127, 2019 U.S. Dist. LEXIS 51913, at *29 (quoting *Jordan v. Forfeiture Support*

*Assocs.*, 928 F. Supp. 2d 588, 606 (E.D.N.Y. 2013). Plaintiff admits that his Line of Duty Injury

("LODI") was approved to last only from June 6, 2014 until January 8, 2015, a total of only six

months, and that the only accommodation he required was access to the elevator and someone to

help him set up labs. *See* Plaintiff's Response to Defendant's 56.1 Statement of Undisputed Facts

("Response to Def's 56.1") ¶57, 74.  As Plaintiff's injury was both transitory and minor, it is

irrelevant whether he was perceived as disabled.

With respect to the causation element of his *prima facie* case, Plaintiff similarly

fails to show an inference of discrimination beyond temporal proximity alone. In his opposition

papers, Plaintiff attempts to obfuscate the facts surrounding his observations and letters to file,

claiming in a self-serving declaration for the first time that Principal Small told him he would be

returning to his job in the 2014-2015 school year, that Principal Small would remove all the

letters he had placed in Plaintiff's file, and that they would be going forward with a clean slate.

*See* Pl's Mem. at 13; Telesford Declaration ("Pl's Decl."), ¶9. However, Plaintiff's prior

testimony conflicts with his declaration:

> Q. Did you believe that Mr. Small had discriminated
> against you based upon your injury?
> A. Well, yes.
> Q. Why did you believe that?
> A. Mr. Small had invited me to come back to teach an SAT
> class, a specialized high school test for the students. So I
> wasn't injured at that time. That was in May. Around May
> 27th or 28th to May 30th. He said I wanted you to run that
> because I was doing it for the student –for the 8th graders.
> So he wanted to have a prep course. So I wasn't injured
> then.
> Q. Would that have been a course that you taught over the
> summer?
> A. Yes, sir.
> Q. Did he invite you to do this in person, via letter,
> something else?
> A. In person.

> Q. Aside from that, was there any other reason why you felt
> that he was discriminating against you for your injury?
> A. The fact that he had not signed the LODI forms. They
> had not been submitted it was held up.

*See* Ferguson Decl. Ex. "C" at 98:11-99:7.

While Plaintiff testified about being offered an opportunity to teach a course over the summer, when specifically asked if there were any other reasons he felt that Principal Small had discriminated against him regarding his injury, Plaintiff only mentioned Principal Small's alleged delay in signing the forms for Plaintiff's LODI. Plaintiff at **no point** mentioned or even suggested that Principal Small had offered him a job for the 2014-2015 school year or promised he was going to remove all of his previous letters to Plaintiff's file—two not insignificant details. "As the Second Circuit has explained, a party cannot create an issue of triable fact merely by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783, 2016 U.S. Dist. LEXIS 139279, at *7 (Oct. 6, 2016) (*quoting Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)) (internal quotation marks omitted). Plaintiff's never-before-heard-of conversations with Principal Small should not be permitted to create an issue of fact where, as here, Plaintiff is transparently attempting to circumvent his own deposition testimony.

Even if were the Court to consider these new allegations regarding Principal Small, they would still not create an issue of fact or an inference of discrimination regarding Principal Small's subsequent determination that Plaintiff should be denied tenure. This is because Principal Small testified that he did not make decisions regarding tenure until after the end of the school year (thus, after this purported conversation allegedly took place), when he would review his files and discuss tenure decisions with his Assistant Principal. *See* Response to

Def's 56.1 ¶58. Principal Small would not make any decisions as to Plaintiff's tenure until more than a month after their alleged conversation regarding a "clean slate," and there is ample evidence that, prior to his June 6, 2014 injury, Plaintiff was already in the process of being denied tenure based upon his 3 letters to file[1] and 6 poor observations. *See* Response to Def's 56.1 ¶¶28-55. Indeed, the letter to file he received on May 13, 2014 warned Plaintiff that, "[T]his incident may lead to further disciplinary action including an adverse rating and your termination."  *See* Response to Def. 56.1, ¶33, Ex. O.

Plaintiff makes much of the fact that this Court previously held, when ruling on Defendant's Motion for Judgment on the Pleadings, that the temporal proximity pleaded by Plaintiff was "sufficient to raise an inference of discrimination to plausibly state a claim of employment discrimination." *See* Memorandum and Order dated September 17, 2018, ECF Docket No. 57, Ferguson Decl. Ex. "B." at 12 (*quoting Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 437 (E.D.N.Y. 2015)). This argument entirely misses the point. The Court made that pronouncement in the context of ruling on the sufficiency of Plaintiff's pleadings. Plaintiff now must do more than simply state a claim that is plausible on its face. He must prove the elements of his claims by a preponderance of the evidence in order to survive summary judgment, and multiple Courts in this circuit have held at the summary judgment stage that, "'nexus of time' alone is not enough to give rise to an inference of discrimination when gradual adverse job actions began well before the plaintiff became disabled." *McDonnell v. Schindler Elevator Corp.*, 2014 U.S. Dist. LEXIS 96824 at *18 (S.D.N.Y. July 16, 2014) (*aff'd* 618 Fed. Appx. 697 (2d Cir. 2015)) (*citing Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001)).   Were the Court to consider the dates

---

[1] Plaintiff received one letter to file on August 6, 2014, after Principal Small had recommended denial of his tenure but prior to Superintendent Stallings-Harte's September 22, 2014 letter denying his tenure. Plaintiff ultimately had four letters to file.  *See* Response to Def's 56.1 ¶¶24, 59, 63.

pleaded by Plaintiff in a vacuum, there might be sufficient temporal proximity to show an inference of discrimination at the pleadings stage. However, when considered together with the admissible evidence of Plaintiff's abysmal job performance (including 3 letters to file and 6 negative observations) that *preceded* his injury, it is clear that Plaintiff's termination and denial of tenure were well underway prior to Plaintiff's injury.

Thus, as Plaintiff cannot show that he suffered from a disability under the ADA, or that there was an inference of discrimination regarding his disability, Plaintiff's disability discrimination claim under the ADA must fail for a lack of a *prima facie* case.

**B.      No Evidence of Pretext for Discrimination**

Even assuming, *arguendo*, that Plaintiff was disabled and had established an inference of discrimination, the 4 letters to file and 6 negative observations constitute legitimate, nondiscriminatory reasons for Plaintiff's denial of tenure and subsequent termination. Plaintiff cannot show that those reasons are false or that discrimination was the real reason for his denial of tenure.

Principal Small testified that he did not make any decisions regarding tenure until after the school year was over. *See* Response to Def's 56.1 ¶58. Plaintiff's speculation that Plaintiff's injury prompted his denial of tenure is just that: speculation. Plaintiff's final rating for the year was "developing." *See* Response to Def's 56.1 ¶55. Principal Small stated that for him to recommend tenure, a teacher's instruction must be rated as "effective." *See* Chancellor Committee's Report, Ferguson Decl. Ex. "BB" at D000437. Principal Small recommended denial of Plaintiff's tenure because Plaintiff "hadn't demonstrated to improve pedagogically or professionally."  *See* Response to Def's 56.1 ¶59.

Superintendent Stallings-Harte reviewed Plaintiff's letters to file and observations and, on September 22, 2014, sent Plaintiff a letter informing him that he was being denied

tenure. *See* Response to Def's 56.1 ¶¶61-62. Plaintiff does not allege that Superintendent Stallings-Harte was aware that Plaintiff was injured when she conducted her review in September 2014. Four months before any of Plaintiff's allegations of discrimination regarding his disability, Superintendent Stallings-Harte completed her independent review of Plaintiff's file and determined that his tenure should be denied. *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 259 (E.D.N.Y May 21, 2012) ("A discriminatory inference can be rebutted when multiple evaluators all express dissatisfaction with the Plaintiff's performance.")

Plaintiff bears the ultimate burden of proving that Defendant's reasons for the claimed adverse employment action—here the denial of the completion of his probation and resulting termination—are "false *and* that discrimination was the real reason." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir. 1995) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)) (emphasis in original).

Plaintiff attempts to obfuscate the clear, consistent, independent decisions made by both Principal Small and Superintendent Stallings-Harte regarding Plaintiff's tenure by focusing on the Chancellor's Committee's 2-1 <u>recommendation</u> in March 2015 that Plaintiff be reinstated, arguing that Superintendent Stallings-Harte went against this recommendation to discriminate against Plaintiff because of his injury. *See* Pl's Mem. at 16. This is not actual evidence of pretext but merely speculation and a conclusory allegation. The Committee members are charged with making a recommendation based on their own judgment. However, the decision remains with the Superintendent, who is ultimately accountable, and it strains credulity to find pretext of discrimination in her decision to stand by her previous decisions in September 2014 and December 2014 when presented with the same information available to the committee members.

Plaintiff further argues that Superintendent Stalling-Harte's June 16, 2015 letter correcting her erroneous June 11, 2015 letter is evidence of pretext because she received Plaintiff's request for accommodation prior to sending out the corrected letter. *See* Pl's Mem. at 17. This is also a conclusory allegation as it assumes, with no evidentiary basis, that she knew of Plaintiff's request for accommodation and that she decided to reverse her June 11, 2015 letter specifically and solely to avoid giving Plaintiff access to an elevator. Superintendent Stallings-Harte based her decision on Plaintiff's letters to file and observations (*see* Transcript of the deposition of Joyce Stallings-Harte, taken January 17, 2020, ("Stallings-Harte Dep."), Ferguson Decl. Ex. "AA" at 27: 18-25, 39:2-40:11), and there is no evidence on this record to conclude otherwise.

As Defendant has articulated legitimate non-discriminatory reasons for Plaintiff's discontinuance and Plaintiff has only provided speculation and conclusory allegations unsupported by evidence, Plaintiff's ADA discrimination claims must be dismissed.

## C.    Retaliation

Plaintiff's opposition does not address Defendant's argument regarding his inability to establish a *prima facie* case of retaliation. *See* Def. Mem. at 18-22. Defendant argued at length, citing numerous cases, that at the summary judgment stage, temporal proximity alone cannot establish a causal connection between protected activity and adverse action when "gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). Plaintiff never addressed these arguments in his Opposition, instead merely reiterating his argument of temporal proximity being sufficient as a causal connection. *See* Pl. Mem. at 18-20.  Plaintiff's claim for retaliation should be dismissed as abandoned as Plaintiff has not addressed Defendant's argument that he cannot establish an inference of retaliation from temporal proximity alone. *See*

*Maher v. Alliance Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 267-68 (E.D.N.Y. 2009) (*quoting Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003).

Plaintiff relies solely on temporal proximity to establish a causal connection between his protected activity and the adverse action of his denial of tenure. However, it is undisputed that both Principal Small and Superintendent Stallings-Harte had independently reviewed Plaintiff's file and observations and decided to deny his tenure prior to Plaintiff engaging in any protected activity. *See* Response to Def's 56.1 ¶¶58-65. This timing does not permit an inference of retaliatory intent. *See Nakis v. Potter*, 422 F. Supp. 2d 398, 423 (S.D.N.Y. 2006) (no inference of retaliatory intent where adverse action predates protected activity). Plaintiff cannot establish a *prima facie* case of retaliation because the adverse job actions were already in motion prior to his protected activity.

Furthermore, even though Superintendent Stallings-Harte took the same action in her June 16, 2015 letter that she had previously taken in both her September 22, 2014 and December 2, 2014 letters, Plaintiff argues that her final denial of tenure constitutes retaliation because Plaintiff had engaged in the protected activity of requesting accommodations prior to her June 16, 2015 letter. *See* Pl's Mem. at 22. However, "a causal connection cannot be inferred between protected activity and adverse action, despite close temporal proximity, when an employer acts the same way both before and after the protected activity." *Reyes v. Krasdale Foods, Inc*., 945 F. Supp. 2d 486, 494 (S.D.N.Y. 2013). There can be no causal connection between the adverse action of denying Plaintiff's tenure in June 2015 because Superintendent Stallings-Harte acted the same before and after Plaintiff's protected activity—she was consistent in her belief that Plaintiff should not be granted tenure. Even focusing solely on Plaintiff's

"final" denial of tenure in the June 16, 2015 letter, Plaintiff cannot establish a *prima facie* case of retaliation.

      Despite the consistency of Superintendent Stalling-Harte's decision-making regarding Plaintiff's tenure, Plaintiff seizes on the letter sent in error on June 11, 2015 to show a causal connection between Plaintiff's protected activity and the denial of his tenure. *See* Pl's Mem. at 22. However, this theory relies upon a version of events based solely on speculation and contorted logic with no evidentiary support. In Plaintiff's imagining, Superintendent Stallings-Harte has no memory of who Plaintiff is while reviewing his file, his observations, and the recommendation of the committee that *specifically discusses his injury and LODI*, and she issues the June 11, 2015 letter reinstating Plaintiff while completely reversing her prior decisions. However, upon receipt of Plaintiff's request for accommodation, Superintendent suddenly remembers who Plaintiff is –and she decides to suddenly retaliate– because she is unwilling to provide him with access to an elevator key at one of the thirty-five schools she supervises. Plaintiff points to no evidence to support this version of events outside of the fact that the wrong letter was initially sent out.

      Furthermore, even if Plaintiff could establish a causal connection between his protected activity and the denial of his tenure, Defendant has established, through a trove of admissible evidence, legitimate, non-retaliatory reasons for its actions: Plaintiff's poor performance and professional judgment, as documented in 4 letters to file and 6 poor observations amassed from 2012 to 2014, well **before** any protected activities. Superintendent Stallings-Harte simply reaffirmed her previous denial of tenure, in line with her decisions made prior to Plaintiff's protected activity, and her secretary sent out the wrong letter. *See* Def. 56.1, ¶¶69-71.

Having provided legitimate, non-retaliatory reasons for Defendant's actions, the burden now returns to Plaintiff to show that these reasons are actually pretextual; that is, false, and that the real reason was retaliation. *See Krasner v. City of New York*, No. 11 Civ. 2048, 2013 U.S. Dist. LEXIS 136534, at *45 (S.D.N.Y. Sept. 23, 2013) (citing *Kessler v. Westchester Dept. of Social Services*, 461 F.3d 199, 205-06 (2d. Cir. 2006). Plaintiff can offer no evidence besides arguing, as he argued with his discrimination claims, that the Superintendent must follow the recommendation of the two committee members because their judgment outweighs her own (or that of the dissenting committee chair), and her deciding to continue with her previous decision to deny Plaintiff's tenure is evidence of pretext. Of course, Plaintiff cites to no legal authority for this absurd proposition. As such, and given Plaintiff's failure to establish pretext, Plaintiff's retaliation claims must be dismissed.

**D.      Reasonable Accommodations**

In his opposition, Plaintiff argues that Defendant was required to engage in an interactive process with Plaintiff after receiving his reasonable accommodation request because his termination was reversed by Superintendent Stalling-Harte's June 11, 2015 letter. However, as both Superintendent Stallings-Harte and her secretary, Priscilla Martinez-Madi, testified, the Superintendent had decided <u>not to reverse</u> her prior decision to terminate Plaintiff. *See* Stallings-Harte Dep., Ferguson Decl. Ex. "AA" at 39:2-40:11, 41:10-21, 43:2-44:5; Transcript of the deposition of Priscilla Martinez-Madi, taken February 12, 2020, ("Madi Dep."), Ferguson Decl. Ex. "CC" at 17:23-18:12, 18:6-23, 19:10-21:14. Rather, an administrative error caused the wrong letter to be sent. *See* Stallings-Harte Dep., Ferguson Decl. Ex. "AA" at 43:2-44:5; Madi Dep., Ferguson Decl. Ex. "CC" at 19:10-21:14.

Superintendent Stallings-Harte had previously determined, multiple times, that Plaintiff's tenure should be denied for pedagogical failures and it made no logical sense, nor did

DOE have a duty, to engage in a discussion of reasonable accommodations with Plaintiff as he was already terminated, and had been so since December 2, 2014 – over 6 months before Plaintiff requested any accommodations. Plaintiff cites to no legal authority standing for the proposition that an employer is obligated under the ADA to engage in the interactive process with an employee it has already terminated. Nor could he, as such a proposition is wholly illogical and impractical. Accordingly, Plaintiff's failure to accommodate claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an order granting Defendant's motion for summary judgment and dismissing Plaintiff's claims in their entirety, with prejudice, and awarding Defendant such other and further relief as the Court deems just and proper.

Dated:    Brooklyn, New York
          October 30, 2020

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for  Defendant
100 Church Street, Room 2-122
New York, New York  10007
(212) 356-2507
mferguso@law.nyc.gov

By:    _____ /s/ *Mark R. Ferguson* _____
                  Mark R. Ferguson
              Assistant Corporation Counsel

**MARK R. FERGUSON,**
**IVÁN A. MÉNDEZ, JR.,**
   **OF COUNSEL**

13